## COMMONWEALTH *vs.* ANDREW J. WALKER & others.

A conspiracy to obtain goods under color of a purchase upon credit, by one of the conspirators, from such persons as he could induce to part with such goods by his falsely pretending to them that he intended to take the goods to his shop to sell in the ordinary course of trade; and, having so obtained the goods, not to take them to the shop, but to secrete them, and cheat and defraud said persons of them; is indictable as a conspiracy to obtain the goods by a false pretence within the Gen. Sts. *c.* 161, § 54, and the St. of 1863, *c.* 248, § 2.

An indictment which avers that the defendants conspired to obtain "dry goods" of an alleged value, "under color and pretence of a purchase," upon the credit of one of the conspirators, "of and from such parties as could thereafter be induced by him" to part with such goods "under the false and fraudulent pretence," thereafter to be made by him to them, "that he intended to take said goods to his retail shop," specifying its location, "for the purpose of selling them there to his customers, by retail, in the usual and ordinary course of retail trade," sufficiently avers that the defendants conspired to obtain the goods by means of the false pretence; is not bad as charging a pretence of a promissory character for the future, and not relating to a present fact; describes the substance of the pretence sufficiently; and also sufficiently describes the goods to be obtained by it, within the Gen. Sts. *c.* 161, § 54, and St. of 1863, *c.* 248, § 2.

The liability of a bankrupt to criminal prosecution in the courts of the United States, under § 44 of the bankrupt act of 1867, for obtaining goods on credit, with intent to defraud, and under false color and pretence of dealing in the ordinary course of trade, within three months before the beginning of the proceedings in bankruptcy, does not exclude the courts of the Commonwealth from jurisdiction of him and others for conspiring to obtain the goods by the false pretence, under the Gen. Sts. *c.* 161, § 54, and St. of 1863, *c.* 248, § 2.

It is no defence to an indictment that the facts in proof show that the defendant committed an offence of a higher degree than that charged.

INDICTMENT averring that Andrew J. Walker, Edward C. Walker and George C. Hale, on May 1, 1871, at Lawrence, "be-

ing evil disposed persons, and devising and intending to cheat and defraud, did falsely and fraudulently combine, conspire, confederate and agree among themselves, unlawfully and fraudulently to acquire and get into their hands and possession divers large amounts of dry goods, wares and merchandise," of the value of $10,000, "under color and pretence of a purchase of said dry goods, wares and merchandise by the said George C. Hale upon the credit of the said George C. Hale, of and from such parties as could thereafter be induced by the said George C. Hale to part with their dry goods, wares and merchandise, under the false and fraudulent pretence, thereafter to be made to such parties by said George C. Hale, that the said George C. Hale intended to take said dry goods, wares and merchandise to his, the said George C. Hale's, retail store in said Lawrence for the purpose of selling said dry goods, wares and merchandise at said store to the customers of the said George C. Hale by retail, in the usual and ordinary course of retail trade; and the said Andrew J. Walker, Edward C. Walker and George C. Hale did then and there falsely and fraudulently combine, conspire, confederate and agree among themselves, not to take such dry goods, wares and merchandise, as they, the said Andrew J. Walker, Edward C. Walker and George C. Hale, might thereafter get into their hands and possession in pursuance of the false and fraudulent conspiracy and pretence aforesaid, to the said retail store of the said George C. Hale, to sell by retail at said store to the customers of the said George C. Hale in the usual and ordinary course of retail trade, but the said Andrew J. Walker, Edward C. Walker and George C. Hale did then and there falsely and fraudulently conspire and agree among themselves to secrete and conceal said dry goods, wares and merchandise, and to remove the same from said Lawrence, and to cheat and defraud thereof such parties as could be induced by the said George C. Hale to part with said dry goods, wares and merchandise under the false and fraudulent pretence aforesaid."

George C. Hale pleaded guilty to the indictment; and Edward C. Walker was never arrested. Andrew J. Walker filed a plea to the jurisdiction, for that on or about June 24, 1871, Hale was

adjudged a bankrupt by the district court of the United States for the district of Massachusetts, under the United States bankrupt act of 1867, *c.* 176, "wherefore the said Andrew J. Walker says that, if he did conspire with the said Edward C. Walker and George C. Hale in the manner set forth in said indictment, always protesting his innocence of the same, the courts of the United States have exclusive cognizance and jurisdiction of the offence." This plea was overruled, and he pleaded not guilty; and before the jury were empanelled he moved to quash the indictment on the grounds that it set forth no offence, and that it was double, vague, uncertain and contradictory, which motion also was overruled.

At the trial, Hale was a witness for the Commonwealth; and under the objection of Andrew J. Walker the Commonwealth was permitted to introduce, among other evidence, testimony to conversations of Hale and of Edward C. Walker. But in submitting the case to the jury, the judge specially instructed them "that unless they were satisfied by testimony in the case, other than the testimony objected to, that Andrew J. Walker was a party to the conspiracy alleged in the indictment at the date of the acts, declarations and matters stated or referred to in the testimony objected to, they must exclude the testimony, so objected to, from the case altogether."

The jury found Andrew J. Walker guilty; and he moved to set aside the verdict, "because the indictment charges the defendants with a misdemeanor, and because it appeared in evidence, on the trial of the indictment, that the conspiracy alleged therein was an executed conspiracy; that the acts and offences, which the indictment alleges the defendants conspired to commit, were actually committed by them, and that the said acts and offences amount to a felony, and the misdemeanor is merged in the felony." The judge overruled the motion; and Andrew J. Walker alleged exceptions, which were argued at Boston before all the judges but *Morton,* J.

*T. H. Sweetser & W. S. Knox,* for Andrew J. Walker

*C. Allen,* Attorney General, for the Commonwealth.

CHAPMAN, C. J. By the Gen. Sts. *c.* 161, § 54, " whoever designedly, by a false pretence, or by a privy or false token, and with intent to defraud, obtains from another person any property," shall be punished, &c. By the latter clause of the section, if the false pretence relates to the buyer's means or ability to pay, it must be in writing in order to create the offence. But the pretence here alleged is not within that clause. By the St. of 1863, *c.* 248, § 2, " whoever, under false color and pretence of carrying on business and dealing in the ordinary course of trade, obtains from any person goods or chattels with intent to defraud, shall be punished," &c. This is an addition to the former statute. It is contended that the indictment sets forth no conspiracy to make use of such pretence as these statutes contemplate. But the definition of a false pretence in *Commonwealth* v. *Drew,* 19 Pick. 179, 184, is " a representation of some fact or circumstance, calculated to mislead, which is not true." A man's intention is a matter of fact, and may be proved as such. *Fisk* v. *Chester,* 8 Gray, 506. *Kelly* v. *Cunningham,* 1 Allen, 473. In many cases, and especially in criminal cases, it is a material fact ; and a dealer in dry goods would be greatly influenced by his belief as to the intent of the purchaser in obtaining the goods. If he believed that the intent was to conceal them and defraud him of them, he would be deterred from selling them on credit ; but if, on the contrary, he believed that the intent was to take them to the purchaser's retail store, and sell them to his customers in the ordinary course of retail trade, he might be likely to sell them on credit. A false pretence as to this matter would be not less material than a false pretence that the buyer owns certain property, as in *Commonwealth* v. *Lincoln,* 11 Allen, 233. The language of the statutes is very general, and the false pretence set forth in the indictment is within it. It need not be accompanied by any false token or symbol.

The alleged representation was not promissory, and cannot be regarded as a mere promise or assurance for the future, but related to a present fact.

It is objected that it does not appear that the goods were to be obtained by means of the false representations. But the allega-

tion is, that they were to be obtained " under color and pretence of a purchase " by Hale upon his credit " under the false and fraudulent pretence," &c. The first of the statutes above cited uses the phrase " by a false pretence." The other uses the phrase " under false color and pretence." Both of these phrases are substantially equivalent to the words " by means of a false pretence." The allegation is sufficient. *Commonwealth* v. *Wallace*, 16 Gray, 221.

It is objected that there is no sufficient description of the property to be obtained. But a conspiracy to obtain dry goods generally would be within the statutes; and an allegation which is sufficiently specific to be within the statute must be sufficient.

As the conspiracy was to do an act made criminal by statute, it is not necessary to inquire whether an allegation of a conspiracy to do an act merely unlawful and not criminal would be sufficient.

It is objected that the statement of the false pretence is not sufficient. But the statement is substantially like that which it is suggested in *Commonwealth* v. *Wallace*, cited above, would be sufficient. See also *State* v. *Roberts*, 34 Maine, 320 ; *State* v. *Keach*, 40 Verm. 113. No case holds that the words of the false pretence which the parties intend to make should be set forth. The substance of the pretence is stated in this indictment sufficiently for all useful purposes.

The defendant sets up by plea that the court has no jurisdiction of the offence, because Hale has been adjudged a bankrupt, and therefore the courts of the United States have exclusive jurisdiction of the offence. By the 44th section of the bankrupt act of 1867, if any debtor or bankrupt shall, within three months before the commencement of proceedings in bankruptcy, under the false color and pretence of carrying on business and dealing in the ordinary course of trade, obtain on credit from any person any goods or chattels with intent to defraud, he shall be deemed guilty of a misdemeanor, and upon conviction thereof in any court of the United States shall be punished, &c. It is contended that the liability of Hale to be punished under this act takes away the jurisdiction of the state courts as to Walker. But the facts

necessary to be proved to convict one under this section of the bankrupt law are, first, the obtaining of the goods under color of the false pretence and with the fraudulent intent stated ; and, second, the proceeding in bankruptcy within three months afterwards. The difference between that offence and the offence here set forth is obvious. That statute does not reach this offence, which consists in the conspiracy. The criminal jurisdiction of the courts of the United States is limited, being merely such as is expressly given by statute. *Commonwealth* v. *Tenney*, 97 Mass. 50, 56. Had it been otherwise, the jurisdiction of the United States courts would have been concurrent with that of the state courts, in a case like this. *Fox* v. *Ohio*, 5 How. 410. The plea was properly overruled.

There is no valid ground for sustaining the motion to set aside the verdict on the ground that the execution of the conspirator's plan was a felony, and merged the lesser offence of the conspiracy. The fact that the defendant has been guilty of a higher offence than that alleged is no defence. This is so even in manslaughter, where it is no defence that the actual crime was murder. *Commonwealth* v. *McPike*, 3 Cush. 181.

*Exceptions overruled.*