THE STATE v. GRAFF.

1. **Larceny from Person:** INDICTMENT FOR SUSTAINED BY PROOF OF ROBBERY. The crime of robbery (Code, § 3858) includes the crime of larceny from the person. (Code, § 3905.) Accordingly, an indictment for larceny from the person is sustained by evidence which establishes the crime of robbery.

*Appeal from Dubuque District Court.*

TUESDAY, JUNE 9.

THE grand jury of Dubuque county presented an indictment against the defendant, accusing him of the crime of larceny from the person of another. He pleaded not guilty, was tried, convicted, and sentenced to a term of imprisonment in

the penitentiary at Anamosa, and from this judgment he appeals.

*T. S. Wilson*, for appellant.

*A. J. Baker, Attorney-general*, for the State.

REED, J.—The charge in the indictment is that the defendant stole a watch and chain from the person of one M. Dworskey. The proof was that he took the property from Dworskey's person by violence. After the verdict was returned, defendant filed a motion in arrest of judgment, on the ground that the evidence showed that, if he committed any crime in the transaction in question, it was robbery, and not the offense of which he was accused in the indictment. The district court overruled this motion, and pronounced judgment on the verdict. The question raised by the motion is the only one presented by the record for our determination.

The crime of robbery is defined by section 3858 of the Code in the following language: "If any person, with force or violence, or by putting in fear, steal and take from the person of another any property that is the subject of larceny, he is guilty of robbery," etc. And it is provided by section 3905 that "if any person commit the crime of larceny * * * by stealing from the person of another, he shall be punished," etc. It will be observed that each of the offenses includes the taking of property from the person of another. In the one case, the taking is by stealth, while in the other it is accomplished by force or violence, or by putting in fear. In both cases, however, the taking is regarded by the law as a larceny of the property. The words "steal and take," in the section defining robbery, are synonymous with "stealing," as used in the other section. The allegation in the indictment, that defendant "did steal" the property from the person of Dworskey, is sustained, then, by proof that he took it from his person feloniously and with force. All that can be claimed is that, while the evidence established all the ele-

ments of the crime charged in the indictment, it proved one fact in addition thereto, and would have warranted a conviction of another offense if defendant had been accused of that offense. But this affords no ground for arresting judgment on the verdict. The court is warranted in pronouncing judgment on the verdict of guilty in any case in which the proof establishes all the elements of the crime charged in the indictment.

AFFIRMED.