COMMONWEALTH *vs.* TIMOTHY CREADON.

Bristol.     October 23, 1894. — December 5, 1894.

Present: FIELD, C. J., ALLEN, KNOWLTON, MORTON, & LATHROP, JJ.

*Assault with Intent to commit Rape.*

A defendant can be convicted on an indictment charging an assault with intent to commit rape, if the evidence satisfies the jury that his crime was rape.

KNOWLTON, J. The only question presented in this case is whether the defendant could be convicted on an indictment charging an assault with intent to commit rape, if the evidence satisfied the jury that his crime was rape.

Under Pub. Sts. c. 214, § 18, one indicted for a felony may be acquitted of part of the offence charged and convicted of the

residue, if that residue constitutes a punishable offence substantially charged in the indictment.  It has repeatedly been held that a charge of rape includes a charge of assault, and that on an indictment for rape one may be convicted of an assault. *Commonwealth* v. *Drum*, 19 Pick. 479.  *Commonwealth* v. *Dean*, 109 Mass. 349.  *Commonwealth* v. *Squires*, 97 Mass. 59.

. On similar grounds it has been held in many cases that one charged with a crime may be convicted of it, if the evidence shows that he was guilty of a greater crime which includes that charged in the indictment.  Thus, one may be convicted on an indictment charging him with the crime of manslaughter, when the evidence shows that he is guilty of murder.  For the unlawful homicide which constitutes the crime of manslaughter is proved as well if the killing was with malice aforethought as if it were in the heat of sudden passion.  Murder is unlawful homicide with the element of malice superadded.  *Commonwealth* v. *M'Pike*, 3 Cush. 181.  *Commonwealth* v. *Burke*, 14 Gray, 100.  *Commonwealth* v. *Bakeman*, 105 Mass. 53, 61.  *Commonwealth* v. *Walker*, 108 Mass. 309.  *Commonwealth* v. *Hogarty*, 141 Mass. 106.

The instructions requested were rightly refused.*

*Exceptions overruled.*

*H. J. Carroll & H. H. Pratt*, for the defendant.

*L. E. White*, District Attorney, for the Commonwealth.

---

* The defendant requested the judge to instruct the jury that, if they should find upon all the testimony that the full act of copulation was had, either with or without the consent of the girl, there was a variance between the allegation in the indictment and the proof, and the defendant could not be convicted; and if they should find that the story of the girl was true, that there was a full entrance and penetration of the vagina, the defendant could not be convicted.