## ONE INDICTED FOR ROBBERY MAY BE CONVICTED OF POCKET PICKING.

[Circuit Court of Lucas County.]

HARRY BROWN v. STATE OF OHIO.*

Decided, March 13, 1903.

*Criminal Law—Statutes Based Upon the Doctrine of, Included Offenses Constitutional—Degrees of Crime—Pocket Picking Included in Charge of Robbery—Notice to the Accused of Crime Charged—Cross-Petition in Error by the State Necessary, When—Sections 6818 and 7316.*

1. The constitutionality of statutes permitting a jury to convict of an offense not charged in the indictment, but which is of a lower or inferior degree is well established.

2. It is not necessary that crimes should be divided into degrees in order that they may come within a statute, such as Section 7316, authorizing a jury to find the defendant guilty of an attempt to commit the offense charged in the indictment; and inasmuch as the offense of pocket picking is the same as that of robbery, except that it lacks the ingredient of force or violence or putting in fear, and one indicted for robbery can be convicted of pocket picking.

3. A defendant indicted for robbery and convicted of pocket picking can not complain that he was not notified of the charge against him in the indictment.

4. A reviewing court can not consider a complaint by the State that the trial judge erred in taking from the jury the question of a defendant's guilt of the crime of robbery, and the permitting of a verdict to be returned of guilty of pocket picking, where no cross-petition in error has been filed by the State.

HULL, J.; HAYNES, J., and PARKER, J., concur.

The plaintiff in error was indicted by the grand jury of this county for the crime of robbery, and was put on trial. At the conclusion of the State's testimony his counsel made a motion that the jury be instructed to return a verdict of not guilty, for the reason that the State's evidence had failed to establish the crime of robbery, in that violence, or force or putting in

* Motion for leave to file a petition in error overruled by the Supreme Court.

fear had not been established by the evidence.   The court held, upon this motion, that the State had failed in this respect to establish the crime of robbery, but that there was included within the offense of robbery the crime of pocket picking, and overruled the motion.   No evidence was offered by the defense, and the court submitted to the jury the question as to whether the defendant was guilty of pocket picking.   The defendant was found guilty by the jury of that crime and sentenced to the penitentiary.   It is to reverse that judgment that a petition in error was filed in this court.

It is claimed by the plaintiff in error that under the indictment charging him with robbery he could not be convicted of the crime of pocket picking, as it is called in the statute; that this is another and a separate and distinct offense, described in the statute, and that before the defendant could be put upon trial or convicted of it he must be indicted for that offense, either by a separate indictment or by a separate count in the indictment; and that the court therefore erred in submitting the question to the jury as to his guilt of pocket picking.   It is claimed that the defendant should have been discharged.

The jury were instructed by the court to return a verdict of not guilty as to the crime of robbery, which was done, and a verdict of guilty returned as to the offense of pocket picking.

The question raised is whether the offense of pocket picking is so included within the offense of robbery as to come within Section 7316, Revised Statutes, which provides for the conviction of an attempt to commit a crime and for the conviction of a crime of a lower degree where the evidence is insufficient to warrant the jury in convicting of the degree charged in the indictment.

The statute under which the defendant was indicted and prosecuted is Section 6818, Revised Statutes, which provides that:

"Whoever by force or violence or by putting in fear, steals and takes from the person of another anything of value, is guilty of robbery, and shall be imprisoned in the penitentiary not more than fifteen nor less than one year; and whoever otherwise than by force and violence or by putting in fear, steals and takes from the person of another anything of value

shall be deemed guilty of pocket picking, and shall be imprisoned in the penitentiary not exceeding five years nor less than one year."

As I have said, the defendant, Brown, was indicted under the first part of the statute, charging him with robbery. There was no count charging him with pocket picking.

It is claimed by the State that the defendant was properly convicted of pocket picking under Section 7316, Revised Statutes, which provides as follows:

"Upon any indictment the jury may find the defendant not guilty of the offense charged, but guilty of an attempt to commit the same, if such attempt is an offense; when the indictment charges an offense including different degrees, the jury may find the defendant not guilty of the degree charged, and guilty of any inferior degree; and if the offense charged is murder, and the accused be convicted by confession in open court, the court shall examine the witnesses, and determine the degree of the crime, and pronounce sentence accordingly."

It is claimed by the State that the charge of robbery, as contained in the indictments, includes the offense of pocket picking; that the offense of pocket picking is an offense of a degree inferior to that of robbery. It is claimed that robbery contains all of the ingredients or essentials of pocket picking and one additional ingredient, to-wit, force or putting in fear, and that they differ only in that respect. On the other hand it is claimed by the plaintiff in error that they are two separate and distinct offenses.

The doctrine of included offenses was recognized by the law before the passage of this statute. It was a part of the common law of the land that a defendant might be convicted of an offense of a less degree than the one with which he was charged, if the one was properly included in the other. So this statute is in a sense only declaratory of the law as it stood before its enactment. In *Stewart* v. *State*, 5 Ohio, 241, it is stated in the syllabus:

"Indictment for assault with intent to kill, party may be convicted of assault and battery, or assault alone."

Judge Lane, delivering the opinion of the court, on page 242 said:

"It is assigned for error that the court refused to charge the jury that in an indictment for an assault with intent to kill they might find him guilty of simple assault and battery, without any such intention; and in charging that in this case, if the jury found him guilty at all, it must be guilty of the whole accusation.

"A doubt has been raised whether the bill of exceptions is taken to the refusal to charge, as well as to the actual charge; but a majority of the court believe it is, although somewhat informal, sufficiently applicable to both.

"We are all of opinion that the charge was erroneous; that a jury may find a verdict of guilty for part, and acquit for the residue; that where an accusation for a crime of a higher nature includes an offense of a lower degree, the jury may acquit him for the graver offense and return him guilty of the least atrocious. The cases and examples are collected in 1 Ch. Cr. Law, 638, and there is no foundation in this country for the distinction made in England on this point between felonies and misdemeanors; for here an indictment for the higher offense rather adds to than subtracts from his privileges.

"Still we can not say that the defenedant might not be prejudiced by his instruction, and therefore the judgment must be reversed."

This question of included offenses is discussed in 1 Bishop Cr. Law:

"Sec. 794.   Where offenses are included one within another, as before explained, a person indicted for a higher one may be convicted of any below it not merged in that for which he is indicted, unless the allegation should happen to be in a form not charging the lower."

"Sec. 1054.   Where crimes are so included within one another that a higher comprehends whatever a lower one does and more, as previously explained, a conviction for any higher one bars a prosecution for any lower; since, if the defendant is guilty of all, he is necessarily so of each particular part. It is believed that there is no exception to this rule. In general, the same consequence follows an acquittal; because generally there can be a conviction for the lower on an indictment for the higher. But the effect of an acquital is not like that of a conviction, universally so."

"Sec. 1055. * * * Robbery and larceny, being both felonies, and the latter included in the former, an acquittal for robbery will bar an indictment for the larceny of the same things. And equally an acquittal for the larceny will bar the robbery indictment."

The doctrine of included offenses and the constitutionality of statutes permitting a jury to convict of an offense not charged in the indictment but which is one of a lower or inferior degree and included in the greater, seem to be well established by the authorities; but it is claimed here that the offense of which Brown was convicted is not properly one of a degree inferior to and lower than the one charged in the indictment. It is said there are no degrees of robbery in this state; the crime is not divided into degrees—first, second, and otherwise, as is the crime of homicide. The elements of robbery, the ingredients, are laid down by the Supreme Court in *Matthews* v. *State*, 4 Ohio St., 539, 540, where it was said in the syllabus:

"It is essential that an indictment for robbery should contain a substantial averment of the intent to steal and rob."

On page 541 of the opinion Judge Bartley, in the opinion, said:

"Three ingredients are essential to constitute the crime of robbery:
"1. The use of force and violence, or the use of means whereby the injured person is put to fear.
"2. A taking from the person of another of money, or other personal property.
"3. An intent to rob or steal."

The crime of robbery, then, consists in taking from the person of another, with force or violence, or by means whereby the injured person is put in fear, money or other thing of value, and this must be accompanied with an intent to steal; and if any one of these ingredients is lacking, the crime of robbery does not exist.

Formerly the crime of pocket picking was not known to the law as a separate and distinct offense, and if a man was indicted for the crime of robbery, and any one of the elements

necessary was lacking, he could not be convicted of the crime of robbery, and he could only be convicted, if at all, of the offense of larceny. This statute (Section 6818, Revised Statutes), however, provides for the additional offense of pocket picking as follows:

"And whoever otherwise than by force and violence, or by putting in fear, shall steal and take from the person of another anything of value,   *   *   *   shall be deemed guilty of pocket picking, and shall be imprisoned in the penitentiary not exceeding five years," etc.

So that the offense of pocket picking is the same as that of robbery, except that it lacks one ingredient, to-wit, that of force and violence or putting in fear. The crime of robbery, as defined by the statute, exists whenever one by force or violence or putting in fear steals and takes from the person of another anything of value. The amendment to the statute defining the crime of pocket picking was intended to cover the case of larceny from the person where the element of force and violence or putting in fear was lacking, and to make that offense a felony or penitentiary offense, instead of a mere larceny.

It is not necessary that crimes should be divided into degrees, in order that they may come within a statute, such as Section 7316, Revised Statutes. Where one crime is of a more atrocious or heinous character than another, if one is properly included within the other, then the one may be said to be of a higher degree than the other, as larceny is included, or may be included, if property is taken, in the crime of burglary. Assault and battery is included in the crime of robbery, and one may be convicted of assault and battery who is indicted for robbery. It has been held in *People* v. *Jones*, 53 Cal., 58, that robbery includes larceny. The syllabus of the case is:

"The crime of robbery includes that of larceny, and under an indictment for the first offense the jury may find the defendant guilty of larceny, if they entertain a reasonable doubt as to which of the two offenses he was guilty of."

In the opinion the court say:

"It is obvious from the foregoing definition that an indict-

ment for robbery must aver every fact necessary to constitute larceny, and more.

"The jury may find a defendant guilty of any offense, the commission of which is necessarily included in that with which he is charged in the indictment. And as there was some evidence tending to show that the crime was merely larceny, the defendant had the right to insist on the instruction he requested the court to give."

In *Commonwealth* v. *Prewitt*, 82 Ky., 240, the syllabus contains this:

"Under an indictment for robbery the court erred in refusing to instruct the jury that the defendant might be convicted for simple larceny. Robbery being a higher grade of crime than larceny, under the criminal code, the former includes the latter."

The court in the opinion say:

"The code provides, Section 262, 'upon an indictment for an offense consisting of different degrees, the defendant may be found guilty of any degree not higher than that charged in the indictment, and may be found guilty of any offense included in that charged in the indictment.' "

On page 241, of the opinion, the court say:

"Out statutes do not undertake to define either robbery or larceny. For their meaning we must have recourse to the common law. Blackstone defines robbery to the felonious and forcible taking from the person of another of goods or money of any value, by violence or putting him in fear. This is designated as mixed or compound larceny. Simple larceny is the felonious taking and carrying away of the personal goods of another. Choses in action, such as bonds, bills and notes, not importing any property in possession, were held not to be the subject of larceny. Hence our statutes making the taking of such thing larceny. The principal ingredient in each is the taking of the personal goods of another, without his consent, and with the intention on the part of the one taking to convert them to his own use. Larceny is the generic term, robbery being specific and of a higher grade than simple larceny because of the element of force or fear entering into it; larceny is of a lower degree of the same offense as that charged in the indictment, and, therefore, punishable under the code, as quoted. The court below erred in not instructing the jury that under

the indictment for robbery a conviction for simple larceny might be had.''

In *State* v. *Graff,* 66 Ia., 482 (24 N. W. Rep., 6), the court hold, as stated in the syllabus, as follows:

''The crime of robbery (Code, Section 3858) includes the crime of larceny from the person (Code, Section 3905). Accordingly, an indictment for larceny from the person is sustained by evidence which establishes the crime of robbery.''

The defendant complained in this case that if he was guilty of anything he was guilty of robbery, and the evidence showed that he was guilty of that; but the court say on page 483:

''All that can be claimed is that while the evidence established all the elements of the crime charged in the indictment, it proved one fact in addition thereto, and would have warranted a conviction of another offense if defendant had been accused of that offense. But this affords no ground for arresting judgment on the verdict. The court is warranted in pronouncing judgment on the verdict of guilty in any case in which the proof establishes all the elements of the crime charged in the indictment.''

In *Stevens* v. *State,* 19 Neb., 647 (28 N. W. Rep., 304), the fourth paragraph of the syllabus is as follows:

''A person charged in an information with robbery may be convicted of larceny, as the greater includes the less offense.''

And this is discussed in the opinion. The court say on page 650:

''Objection is made that the court did not instruct the jury that they could find the plaintiff guilty of larceny, if the proof failed to show sufficient violence of putting in fear to constitute robbery. There is no doubt that a trial and acquittal for robbery is a bar to an indictment for larceny, when the property alleged to have been taken is the same (*The People* v. *McGowan,* 17 Wend., 386). In this case it is said by Cowen, J., speaking for the court: 'The first indictment, though for robbery, involved the question of simple larceny, of which the person under that indictment might have been convicted.' This is upon the principle that where several crimes are included, one within the other, a conviction of the higher bars a prosecution for any lower, since the greater includes the less.''

In 1 McClain, Cr. Laws, Section 484, we find this:

"As the indictment for robbery must allege everything necessary to constitute larceny, there may be a conviction for larceny under an indictment for robbery. So there may be conviction for larceny from the person."

The case of *Brown* v. *State*, 33 Neb., 354 (50 N. W. Rep., 154), is directly in point. This is in the syllabus:

"*Held:* That the charge of robbery includes the offenses of stealing from the person without force and violence or putting in fear, and that under an information for robbery the accused may be convicted of stealing from the person."

In that state there is a statute covering the crime of robbery and also one covering the crime of pocket picking. The last statute was as follows:

"Every person who steals property of any value by taking the same from the person of another without putting said person in fear by threats or the use of force and violence shall be deemed guilty of grand larceny, and shall upon conviction thereof be punished by confinement in the penitentiary for not less than seven years."

The defendant asked the trial court to charge the jury as follows, which was refused:

"The jury are instructed that if you find from the evidence that the defendant took the property described in the information from Anna M. Kervan, against her will, but did not first put said Kervan in fear, and did not use any force or violence except such as constitutes the sudden snatching of said property from said Kervan, you will not be warranted in finding the defendant guilty as charged in the information, but may find him guilty of larceny."

The court did give this instruction to the jury:

"It is permissible, under this information, if in your opinion the evidence justifies and warrants you in so doing, to find the defendant guilty of larceny from the person. The putting in bodily fear, or the use of force and violence, is not a necessary element in the crime of larceny from the person, but the felonious taking and carrying away from the person with the intent to convert property to his own use and against owner's consent, are necessary." * * *

The Supreme Court say in the opinion, pp. 357-358:

"The question of the validity of Section 113a was before this court in *State* v. *Arnold*, 31 Neb., 75 (47 N. W. Rep., 694), and the statute sustained. The latter statute was passed to reach the case of pickpockets, who, prior to the passage of the act, had comparative immunity from punishment (*State* v. *Arnold*, *supra*). Robbery is the felonious and forcible taking from the person of another goods or money of value by violence, or putting in fear (4 Black. Com., 243; 2 Bouv. Law Dic., 488). The crime of stealing from the person is not as heinous a crime as that of robbery.; but it possesses some of the elements of robbery; in other words, it is of the same nature, but does not go as far as robbery. To the extent of taking from the person of another money or other valuable things, both offenses are alike, and both are punishable in the penitentiary. The crime of robbery certainly includes the crime of stealing from the person, and when such is the case the jury may find the accused not guilty of the higher offense and guilty of a less one. There was no error, then, in giving and refusing the instructions referred to. There is no error in the record, and the judgment is affirmed."

This case seems to hold squarely that the offense of stealing from the person is included in the charge of robbery, and that where one is indicted for robbery. he may be found guilty of pocket picking.

There are other authorities that might be cited, but these are sufficient, and they establish that the offense of pocket picking is included within the charge of robbery, and that it is properly denominated an offense of a lower degree or a less degree than the crime of robbery. It lacks the one essential element of robbery, to-wit, that of force or putting in fear. It is, in fact, a crime of a less heinous character than that of robbery. It is punishable by a shorter period of imprisonment in the penitentiary. We think it may properly be called a crime of a nature similar to that of robbery—a crime against the person, involving the stealing of something of value from the person, but an offense of a lower grade or degree. This amendment relating to pocket picking was doubtless enacted by the Legislature to meet cases where persons were charged with the crim of larceny in the indictment, and the evidence failed to show the one

element necessary to constitute the crime of robbery along with the other two, to-wit, that of force and violence. To meet such cases as that the Legislature made pocket picking a penitentiary offense, including it in the same statute.

The defendant can not complain that he has not been notified of the nature of the charge against him in such an indictment. He has been notified of the entire charge. He has been charged with the offense that he has committed, and with one element more. This could not mislead him. The fact that he was charged with taking property of value from the person of another, and also charged with taking it by violence or putting in fear, could not mislead him in making his defense or preparing for his defense. The two crimes are of the same essential character. They are both offenses against the person, and differ only in this element or ingredient of force or violence. We therefore are of the opinion that it was not error for the court to submit this question to the jury, and that the defendant could be properly convicted of the offense of pocket picking under the indictment charging him with robbery.

It is claimed by the State that the evidence contained in the record shows that the defendant was guilty of the crime of robbery, and that the court erred against the State in taking that question from the jury. No cross-petition in error has been filed by the State. Therefore it is not necessary for us to consider that question. We have not considered it, and do not pass upon it in the case.

For the reasons stated the judgment of the court of common pleas will be affirmed.

*Wertman & Dickey,* for plaintiff in error.

*W. G. Ulery,* Prosecuting Attorney, and *J. H. Martin,* for defendant in error.