[No. 9467. Department Two. June 23, 1911.]

The State of Washington, *Respondent*, v. Harry Hatch, *Appellant*.[1]

Larceny—Evidence—Res Gestae. In a prosecution for grand larceny of money grabbed from a table during a card game, evidence as to the dealing of the cards preceding the larceny is competent upon the general issue of guilt and also as part of the *res gestae*, notwithstanding it tended to show, a conspiracy between the accused and others to rob the prosecuting witness.

Larceny—Issues and Proof—Variance—Proof of Robbery. In a prosecution for larceny, it is not a variance to prove a robbery, since larceny is included in the offense of robbery, and it is no defense that the offense proved is greater than the one charged.

Appeal—Review—Exceptions to Instructions. Instructions not excepted to will not be reviewed on appeal.

Appeal from a judgment of the superior court for King county, Ronald, J., entered October 26, 1910, upon a trial and conviction of grand larceny. Affirmed.

*J. E. Hawkins* and *Welch & Crotty*, for appellant.

*John F. Murphy, Hugh M. Caldwell*, and *Herbert B. Butler*, for respondent.

Morris, J.—Appellant was tried upon an information charging grand larceny, and appeals from a judgment rendered upon a verdict of guilty.

The facts, in so far as they are pertinent to the errors assigned, are these: The prosecuting witness, Roden, met the appellant and two others in a saloon at Seattle. Roden was a stranger to the other three. He and Johnson, one of the others, sat at a table, when appellant and the fourth man came up and, sitting down at the same table, began a game of cards. Upon completing the game, one of the three suggested the four play a game for the drinks. The cards were dealt and Roden received four aces and a jack. Some one

[1]Reported in 116 Pac. 286.

suggested that they bet on the relative values of the four hands. Roden did not want to bet as he had no money with him, but he did have some with an aunt at Tacoma. Johnson then went to the bartender and obtained four envelopes in which the four hands were placed and the envelopes put in the saloon safe. Roden and Johnson then went to Tacoma and obtained $240 of Roden's money from his aunt, and returned to Seattle, to the same saloon, where appellant and the fourth man were awaiting them. They left that saloon and entered another, when appellant produced the envelopes and Roden looked at his hand and saw it was the same. Appellant wanted him to bet. He refused, saying he did not want to. He was told he had to, and to hurry up. He says the other three put their hands in their hip pockets and, fearing some injury, he took out his money and placed it on the table, when appellant grabbed it and ran, Roden running after him, until he came across a policeman to whom he complained of being robbed, and appellant was arrested and the money found on his person.

The first error assigned is the admission of the evidence regarding the dealing of the four hands of cards, upon the ground that it tended to show a scheme or conspiracy on the part of the three men, and nothing of that nature was charged in the information. The evidence was competent. There could be no valid objection to it, because it suggested something not definitely set forth in the information, so long as it was relevant to the crime charged.

"If evidence is relevant upon the general issue of guilt, or innocence, no valid reason exists for its rejection merely because it may prove, or may tend to prove, that the accused committed some other crime, or may establish some collateral or unrelated fact." Underhill, Criminal Evidence, § 90.

It was also part of the *res gestae.* Such evidence would have been competent upon an issue of conspiracy to rob, or to show the formation of a scheme to unlawfully deprive Roden of his money. But it was also admissible as a part of the

circumstances surrounding the commission of the offense charged, and as touching the criminal intent of the subsequent act. Under our statutes, Rem. & Bal. Code, §§ 2601, 2605, grand larceny, the crime here charged, may be committed in ten different ways. The information charged but one of these ten varieties. So long as the evidence supported the particular variety charged, which was the felonious taking with intent to deprive and defraud the owner of his money, it was not a ground of objection that the evidence also tended to establish a felonious taking by trick, device, or bunco game, another variety which was not charged. Any act tending to prove an intent to deprive and defraud Roden of his money was admissible under the charge made.

It is next contended that there was a variance between the information charging grand larceny and the evidence showing robbery. This was not a variance. Robbery includes larceny, the essential difference between them being the element of force or violence, necessary to establish robbery, but not an essential of larceny. *State v. Dengel*, 24 Wash. 49, 63 Pac. 1104. It is no defense to a crime charged and proved that the evidence is sufficient to establish a greater crime, which includes the one charged. There are many cases holding that larceny is sustained by evidence which also established robbery, and that lesser crimes charged are established by greater crimes proved. *State v. Graff*, 66 Iowa 482, 24 N. W. 6; *State v. Keeland*, 90 Mo. 337, 2 S. W. 442; *Commonwealth v. M'Pike*, 3 Cush. 181; *Commonwealth v. Squire*, 1 Met. 258; *Commonwealth v. Burke*, 14 Gray 100; *Commonwealth v. Walker*, 108 Mass. 309; *Commonwealth v. Creadon*, 162 Mass. 466, 38 N. E. 1119; *Farrell v. State* (Tex. Cr.), 44 S. W. 512; *Hickey v. State*, 23 Ind. 21.

Counsel for appellant contends that robbery is not included in grand larceny; hence, evidence establishing robbery is insufficient. That robbery is not included in grand larceny will be conceded by all, but that does not disturb the reason for holding that evidence of robbery establishes grand lar-

ceny, whether it be on the ground that the greater includes the less, or that the state may waive the greater crime and only charge and ask conviction upon the lesser.

Complaint is also made of an instruction given the jury, but we find no exception taken to this or any instruction, and hence cannot review it.   This rule is too well established to require citation.

The judgment is affirmed.

DUNBAR, C. J., CROW and ELLIS, JJ., concur.

CHADWICK, J., concurs in the result.