**Absolm Scott BAXTER, Plaintiff in Error,**

v.

**STATE of Oklahoma, Defendant in Error.**

**No. A–13032.**

Court of Criminal Appeals of Oklahoma.

Sept. 6, 1961.

King & Wadlington, Ada, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

NIX, Presiding Judge.

Absolm Scott Baxter, hereinafter referred to as the defendant, was charged by information in the District Court of Harmon County with the crime of grand larceny in the night time from a person, after former conviction of a felony. He was tried before a jury, found guilty and sentenced to serve 10 years in the Oklahoma State Penitentiary. Defendant lodged his

appeal in this Court in due time relying for reversal upon numerous assignments of error.

The set of facts from which the case arose are about as follows: The prosecuting witness Carl Castle was evidently on a beer drinking spree on the night of September 16, 1960, and while engaging in his activity at Doil Clarks beer tavern he was loud and displaying his money by removing it from one pocket and then another and buying drinks for the crowd. Also at the tavern was the defendant Absolm Scott Baxter. According to Castle while at the tavern he became engaged in conversation with the defendant and that defendant told Castle he had no place to stay and that he invited defendant to come and stay with him that night at his room in the Barnes Hotel. That they left the beer parlor together. They proceeded to a cafe at which time Castle claimed to have in excess of $100 in the front pockets of his shirt. After leaving the cafe together on their way to Castle's room, Castle testified defendant attacked him in an effort to grab his money. A struggle took place and Castle was knocked down and defendant managed to get the money out of Castle's front shirt pocket and escape. Defendant's testimony differs at the point of leaving the cafe with Castle. He admits they were at the beer parlor and left together, went to the cafe four or five blocks west, drank coffee and a pop, departed, separated, and defendant went home. He denied robbing Castle. During the time that both Castle and Baxter were in the beer parlor there also was one Lawrence Fisher. He testified that Baxter told him that he was going to take Castle out and take the money away from him.

Claud Parker testified he stayed at the Barnes Hotel, and testified that he was awakened by a scuffle in the yard of the place he stayed and described it as did Castle. There was some discrepancy in his testimony and that of Castle as to the exact location of the scuffle. Defendant at first denied owning a billfold but later identified a billfold of his which contained $30.

Defendant contends that the court erred in giving instruction No. 7 to the jury. Instruction No. 7 read as follows:

"You are instructed that when the fact of a theft has been shown, and the question is whether or not the defendant committed the larceny of said property, his possession of said stolen property, or a part thereof, at a time not too long after the stealing, is a circumstance for the jury to consider and weigh in connection with all the other facts, evidence and circumstances in the case. Such possession may or may not be incriminating circumstances. Whether it is or not depends upon the facts and circumstances connected with such possession. Its significance will vary with its special facts, and with the other facts in the case, among which are the nearness or remoteness of the proven possession to the larceny; the nature of the property as passing readily from hand to hand, or not; what explanation, if any, the defendant made of his possession of the property when same was discovered in his possession, together with such other facts and circumstances as would reasonably influence the opinion of the jurors as to the guilt or innocence of the defendant."

It is to be readily observed that the record is wholly void of any objection or exception to this instruction. Surely had defense counsel been laboring under the impression that this instruction was erroneous or prejudicial he would have objected and saved exceptions. This Court said in the case of Oates v. State, 303 P.2d 317, 318:

"Alleged error in giving of an instruction would not be considered on appeal, in absence of an exception saved to the giving of said instruction, unless so basically erroneous as to mislead and confuse the jury as to the issues of the case."

Also see Cherry v. State, Okl.Cr., 276 P.2d 280; Whisenhunt v. State, Okl.Cr., 279 P.2d 366; Gentry v. State, 86 Okl.Cr. 92, 189 P. 2d 626.

The instruction given was no doubt the result of testimony about the money found in the billfold of defendant amounting to $30. The only connection with the money stolen being that it was crumpled up as would have been the money taken. Though this would not be sufficient identification to warrant the instruction, no objection was made nor exception saved. We fail to see where the instruction was to the disadvantage of the defendant as he explained the source of the $30 and it was not refuted or contradicted.

Defendant offered an instruction on the defense of an alibi which was refused by the trial court and this defense claims to be error. The requested instruction was as follows:

"You are instructed that the defendant has interposed in this case as one of his defenses what is known in law as an alibi. That is, that the defendant was at another and different place at the time of the commission of the crime charged. The law is that such a defense is proper and legitimate and the jury should consider all of the evidence bearing upon this point whether introduced by the state or the defendant, and if after a careful consideration of all of the evidence in the case the jury entertain a reasonable doubt as to whether the defendant was present at the time and place where the crime was committed, if it was committed, then and in that event the jury should give the defendant the benefit of the doubt and acquit him."

We do not agree with defendant's contention as there was no evidence to establish an alibi as defined by law. Defendant admitted being with the victim on the night in question. That they were at the same beer tavern and from there went together to a nearby cafe where they had cokes and coffee. They left the cafe together and defendant contends he went home while Castle contends defendant robbed him shortly after leaving the cafe. This, under previous decisions of the court, is not considered an alibi.

The fact that defendant testified he and Castle parted and took different streets shortly before the crime does not remove the physical possibility of defendant being guilty as charged. His testimony did not place him so far from the scene at the time that he could not have done it.

This Court has well defined the defense of an alibi in the case of Hendricks v. State, 296 P.2d 205, 206:

"'Alibi' is a physical circumstance and derives its entire potency as a defense from the fact that it involves the physical impossibility of the guilt of the defendant."

In the case of Giles v. State, 70 Okl.Cr. 72, 104 P.2d 975 this Court said:

"To entitle the defense of alibi to consideration, the evidence must be such as to show that at the very time of the commission of the crime charged the accused was at another place so far away or under such circumstance that he could not, with ordinary exertion, have reached the place where the crime was committed so as to have participated in the commission thereof; and, in a criminal prosecution unless the evidence fills this requirement of the law, no instruction on the subject of alibi is necessary to be given by the trial court."

Defendant's fourth and last contention advances the argument that the court erred in overruling defendant's demurrer to the evidence. The record reveals that at the close of the state's evidence defendant made the following demur:

"Comes now the defendant and demurs to the evidence introduced by the state as insufficient to prove the allegations of the information; and demurs particularly on that part of it that is directed to prove the prior conviction. That is insufficient to show there was any prior conviction as alleged."

Defendant now contends that his demurrer should have been sustained because the proof established the crime to be robbery instead of larceny. Your writer agrees with

defense counsel that the evidence if believed would have supported the crime of robbery as the force used was sufficient to bring the charge under the robbery statute, but surely defense counsel is not serious about his contention. Had defendant been charged with robbery the maximum punishment under that statute is life in the Oklahoma State Penitentiary. If there was error it certainly inured to the benefit of the defendant. It was said in the case of State v. Hatch, 63 Wash. 617, 116 P. 286:

> "Evidence showing robbery under an information charging grand larceny does not constitute a variance, though robbery is not included in grand larceny; it being no defense to a crime charged and proved that the evidence is sufficient to establish a greater crime."

The Court concludes after a careful review of the record that defendant was afforded a fair and impartial trial and that defendant's contentions are inadequate to constitute reversible error. Therefore, the judgment and sentence of the trial court is hereby affirmed.

BRETT, J., and BUSSEY, J., concur.