Judge Lane
delivered the opinion in the court.
It is assigned for error, that the court refused to charge the jury, that in an indictment for an assault with án intent to kill, they might find him guilty of simple assault and battery, without any such intention ; and' in charging that in this case, if the jury found him guilty at all, it must be guilty of the whole accusation.
A doubt has been raised, whether the bill of exceptions is taken to the refusal to charge, as well as to the actual charge; but a majority of the court believe it is, although somewhat informal, sufficiently applicable to both.
Ve are all of opinion that the charge was erroneous. That a jury may find a verdict of guilty for part, and acquit for the residue ; that where an accusation for a crime of a higher nature-includes an offense of a lower degree, the jury may acquit him for the graver offense, and return him guilty of the least atrocious. The cases and examples are collected in 1 Ch. Cr. Law, 638, and there is no foundation in this country for the distinction made in England on this point, between felonies and misdemeanors;, for here, an indictment for the higher offense rather adds to than, subtracts from his privileges.
*222 Still, we can not say that the defendant might not be prejudiced by his instruction, and therefore the judgment must be reversed.