Scott, C.J.
The plaintiff in error was indicted, jointly with one Henrietta Beardsley, for an assault made by them upon one John E. Beardsley, with intent to commit a murder. The indictment contained but a single count; and the defendants below, pleaded not guilty. Upon the trial, the evidence offered by the state having shown that at the time of the commission of the offense charged, by the said Henrietta, the plaintiff in error was not present, and did not render any assistance to the said Henrietta in the commission of said offense, his counsel, moved the court, at the close of said evidence, to discharge the said Baker from farther prosecution, which motion the court overruled, and exception was taken.
The evidence having been closed, the court, among other things, charged the jury, that if they should find from the testimony that the defendant, Baker, aided, abetted or procured the said Henrietta Beardsley to commit an assault upon the said John E. Beardsley, and that she did, in pursuance of such encouragement, commit the said assault, then the said Baker would be guilty of said assault, though, at the time of its commission, he was so far distant from the place of its commission, that he could not, and did not, render her any aid or assistance in said assault. To this charge the defendant, Baker, excepted.
*216 After the charge of the court, and before the jury retired to consider of their verdict, the prosecuting attorney, on behalf of the state, with the consent of the court, and without the consent of the defendants^ entered a 'nolle prosequi upon said indictment, so far as the same relates to the intent to commit a murder.
The jury having, by their verdict, found the defendants guilty, a motion for a new trial was thereupon interposed, on the grounds, that the verdict was against the weight of evidence, and contrary to the law of the case; that the court erred in refusing to discharge the defendant, Baker, on his motion aforesaid, and also in charging the jury as aforesaid.
This motion having been overruled, the defendant, Baker, moved in arrest of judgment — for the reasons, that the indictment was defective; and that the prosecuting attorney, with the leave of the court, and without the consent of the defendants, had entered a nolle prosequi upon' said indictment, as to the intent to murder, after the evidence had been closed, and before the jury had retired to consider of their verdict.
This motion was also overruled, and the plaintiff in error was sentenced to pay a fine of fifty dollars, and the costs of prosecution.
This judgment of the court is now sought to be reversed.
The assignments of error arising from the refusal of the court to discharge the defendant, Baker, at the close of the evidence offered on behalf of the state, and from the instruction given by the court to the jury, present the question: Whether one who incites or procures another to commit an assault and battery, at the commission of which he himself is not present, and does not otherwise participate therein, can, in this state, be properly indicted and convicted as a principal in the offense. At common law, it is clear that he would be liable as a principal. Eor the doctrine of the common law is, that in misdemeanors, and in all crimes under the degree of felony, there are no accessories, but all persons concerned therein, if guilty at all, are principals. 4 Bl. Comm. 86, *217 Wharton’s Am. Crim. Law, 118. So it is said, ££ One who incites others to commit an assault and battery, is guilty, and may be punished as a principal, if the offense be actually committed, although he did not otherwise participate in it; as whatsoever will make a man an accessory before the fact, in felony, will make him a principal in treason, pettit larceny and misdemeanors.” Wharton’s Am. Crim. Law. 547.'
But it is claimed that this rule can have no application in this state, because we have no common law crimes or offenses. But is this conclusion a logical sequence of the fact •stated ?
An assault is an offense, not only at common law, hut also by our statute; while neither the common law, nor the •statute, makes it a distinct substantive offense, to aid or abet another, in the commission thereof. The statute does not define an assault, nor specify the acts, or degree of participation, which will render a party guilty thereof. These are matters which the statute leaves to be determined by the definitions, rules and principles of the common law. So far as these rules remain unchanged by the statute,.they are applicable, and must govern. And while it is true-, that the statute makes it a substantive offense, to aid or abet another in the commission of certain specified misdemeanors, yet this is not the. case in regard to an assault and battery; nor in regard to a large majority of the statutory crimes and misdemeanors of the second class. In this large class of offenses, it could not have been intended, by the framers of our criminal code, that the guilty party, who contrives, instigates and procures their commission, should go unpunished.
We are satisfied, therefore, that the law upon this branch of the case was correctly given in charge to the jury, and that the court did not err in overruling the motion for the discharge of the defendant, Baker.
The next question presented, is as to the effect of the nolle prosequi entered by leave of the court, and without the consent of the defendant, after the ease had been submitted to the jury.
T’- such a criminal prosecution, after the jury is impanneled *218 and sworn, we think there is no doubt, that the defendant has a right to demand such a disposition of the case, either by verdict of the jury, or otherwise, as will constitute a bar to another prosecution for the same crime. If, during the trial, a nolle prosequi be entered, to any part of the indictment, without the consent of the defendant, it operates, so far, as an acquittal. So it was held, in the case of Mount v. The State, 14 Ohio Rep. 295.
Giving this effect to the nolle prosequi entered, by leave of the court, the plaintiff in error can not have been prejudiced by it. And, if he still had a right to demand the verdict of the jury upon a charge, thus abandoned by the state, the record does not show that he attempted to exercise it.
As to the last point made. Under this indictment the defendant might, clearly, have been found guilty of the assault charged, and not guilty of the intent to murder. Stewart v. State, 5 Ohio Rep. 241. The abandonment of those allegations in the indictment which were descriptive only of the graver offense, still left the minor offense fully described, and the issue made thereon to be tried by the jury.
And there is no force in the objection that the name of the prosecutor not having been indorsed on the indictment, the defendant could not be held to answer the charge for an assault. The necessity for such indorsement depends upon the character of the indictment as it is found by the grand jury. The character of this indictment, when found “ a true bill” by the grand jury, was such as to require no farther indorsement. It can not afterward become defective, for want of such indorsement, by reason of the defendant’s not being found guilty of the highest grade of crime which is charged therein.
Judgment affirmed.
Sutliee, Peck, Gholson and Brxnkekhoee, J J., concurred.