## EFFECT OF VERDICT OF GUILTY OF LOWER CRIME THAN CHARGED.

### Circuit Court of Lucas County.

### GEORGE GRIGGS v. STATE OF OHIO. *

#### Decided, June 8, 1907.

*Criminal Law—Indictment for Shooting at with Intent to Wound—Verdict of Guilty of Assault and Battery—Effect of Finding on a Charge not Presented—Surplusage in Verdict.*

A verdict finding an accused guilty of "assault and battery," under an indictment that charged only "shooting at with intent to wound," is not equivalent to an acquittal; and the accused is not entitled, under such a verdict, to an arrest of judgment or a discharge.

WILDMAN, J.; HAYNES, J., and PARKER, J., concur.

Error to Lucas Common Pleas Court.

This is an error case brought to reverse the judgment of the court of common pleas in the trial of George Griggs, upon the charge of shooting at a person with intent to wound. No bill of exceptions is brought up showing the proceedings upon the trial of the case, which resulted in a verdict finding the defendant, Griggs, guilty of assault and battery only.

On September 5, 1907, an application which had been made for a new trial on behalf of the defendant, Griggs, was withdrawn, and on the same day the cause came on to be heard upon the motion of defendant in arrest of judgment, which motion the court overruled and exception was taken. On the same day a motion was made for the discharge of defendant, which also was overruled by the court, to which ruling the defendant excepted. Thereupon the court sentenced the defendant, and this

---

*Leave to file a petition in error in this case was refused by the Supreme Court.

proceeding in error was instituted for the reversal of that judgment.

The contention of the plaintiff in error is, substantially, that the charge of shooting at a person with intent to wound does not involve, as a lesser offense, the crime of assault and battery, of which offense the jury found the defendant guilty. Numerous authorities are cited to sustain the contention of the plaintiff in error.

It has been held in other states, several of them, that to shoot at a person is not to commit a battery upon him. It may be an assault, and it is not contended here that it does not amount to that misdemeanor; but it is urged that the verdict was irregular and not permissible under the indictment, in that it found the defendant guilty of the additional offense of battery. Under our statute we have no crime technically named as "assault and battery." We have a penalty imposed for an assault of another in a menacing manner or with threats, for beating, etc., but the phrase "assault and battery" is not used in the statute and that line between "assault" and "assault and battery" is not always very clearly drawn in the adjudications.

We are all inclined to the view that as the defendant did not seek a new trial, and did not attempt any reformation of the verdict by exception to its form when it was received, or request that the jury be sent back for further consideration of the case, the contention of defendant that the verdict amounts to an acquittal of the entire charge embodied in the indictment, so as to justify his discharge, can not be maintained. We do not think that the objection to the form of the verdict, if it be informal, is such as will work an entire failure of the prosecution. Whether the court committed any error in receiving the verdict or whether the defendant would have been entitled to a new trial if he had pressed the motion which he withdrew, we are not called upon to say; but before entirely disposing of the case by affirmance of the judgment below we may properly refer to two decisions by our own Supreme Court, which are perhaps to some extent in conflict with decisions cited by counsel for plaintiff in error, rendered by the courts of other states.

In the case of *Stewart* v. *State,* 5 Ohio, 241, the Supreme Court held that where an indictment charging a crime of a

higher grade necessarily included a crime of a lower grade, the jury might acquit the defendant of the greater charge and find him guilty of the less offense, and that under the act of 1831 a party indicted for an assault with intent to kill could be found guilty of assault and battery. In that case, the indictment was for assault with intent to kill and murder. Upon the trial defendant's counsel moved the court to instruct the jury, "if they were of opinion that the facts of the case would not warrant them in finding the defendant guilty of an assault with intent to kill and murder, as charged in the indictment, yet that it was competent and lawful for the jury to find the defendant guilty of assault and battery alone." This charge the court refused to give. The prosecuting attorney asked the court to instruct the jury "that if they did not find the defendant guilty of the assault with intent to kill and murder, they must find him not guilty of the whole charge"; and this instruction the court gave to the jury, to all of which the defendant excepted. The indictment contained but one count. The jury found the defendant guilty of the assault with intent to murder, and he was sentenced to three years imprisonment in the penitentiary, to reverse which a writ of error was brought.

Judge Lane delivered the opinion of the court as follows:

"It is assigned for error, that the court refused to charge the jury, that in an indictment for an assault with an intent to kill, they might find him guilty of simple assault and battery, without any such intention; and in charging that in this case, if the jury found him guilty at all, it must be guilty of the whole accusation.

"A doubt has been raised, whether the bill of exceptions is taken to the refusal to charge, as well as to the actual charge; but a majority of the court believe that it is, although somewhat informal, sufficiently applicable to both.

"We are all of opinion that the charge was erroneous. That a jury may find a verdict of guilty for part, and acquit for the residue; that where an accusation for a crime of a higher nature includes an offense of a lower degree, the jury may acquit him for the graver offense, and return him guilty of the least atrocious. The cases and examples are collected in 1 Ch. Cr. Law, 638, and there is no foundation in this country for the distinction made in England on this point, between felonies and misdemeanors; for here an indictment for the higher offense rather adds to, than subtracts from, his privileges.

"Still, we can not say that the defendant might not be prejudiced by this instruction, and therefore, the judgment must be reversed."

It is manifest that no particular distinction was drawn or sought to be drawn in that case, between assault and assault and battery. The Supreme Court seem to have deemed the difference between the forms immaterial, perhaps because of there being no distinction in the statute or in the amount of the penalty. In our present statute the penalty is precisely the same whether the offense be technically described as "assault," or whether it be called "assault and battery." Whether it be an assault with threats or in a menacing manner, whatever the kind of offense it be, so far as its details are concerned, if it come under the general definitions in the section of the law describing an assault alone or what we now call "assault and battery," the penalty is the same. Of course the trial judge would take into account the circumstances and the nature of the offense committed by the defendant in the imposition of the penalty on him and it is not likely that a court, having all the circumstances before him, would be affected very largely in determining the length of imprisonment or the amount of fine by the phraseology in the description of the offense of which the person is guilty, where he must be guilty under a particular section for which a particular penalty is imposed.

In the case of *Hanson* v. *State,* 43 Ohio St., 376, it was held that an indictment for assault with intent to rob would support a conviction for assault and battery, and that it was error in the trial court to refuse so to charge.

The Supreme Court in arriving at this conclusion cited from prior adjudications in Ohio, including *Stewart* v. *State, supra,* and to my mind this decision is conclusive of the whole inquiry.

Counsel in oral argument criticise the decision in *Stewart* v. *State, supra,* and say that in some case from another state it is said that the Supreme Court relied upon certain adjudications in coming to that conclusion, but there is nothing in the case itself which shows that the Supreme Court relied upon the adjudications so mentioned. The reference by the Supreme Court is to 1 Chitty, Criminal Law, and some reliance was

undoubtedly placed upon that. It is urged that the Supreme Court was not sustained by the authority cited, but we are not very much concerned with that. The decision of the Supreme Court upon the question was pertinent to that which we have at bar, and we adopt it for our guidance, even if they seem to have departed from adjudications in other states. The decisions of the court of last resort in the state of Ohio are deemed to be the law for the lower courts until subsequently departed from by the Supreme Court, or until their effect is destroyed by legislation.

In *State* v. *Bradley*, 6 La. Ann., 555, we have this holding:

"If the jury, in rendering their verdict, decide the whole issue, and then add other immaterial things, the verdict is not thereby vitiated. The immaterial things so added will be regarded as surplusage."

Now if it be true that the indictment here charges only "assault" in the phrase "shot at" and does not charge "battery," then the finding of the jury as to battery may be deemed a finding as to an issue not tendered to them—as to some other crime —just as if they had gone out of their way and found the defendant guilty of horse stealing, arson, or anything else, in addition to that with which he was charged in the indictment. This quotation is given on page 560 in this Louisiana case:

"Lord Coke lays down the rule, that "if the jury give a verdict of the whole issue, and more, etc., that which is more is surplusage, and shall not stay judgment, for *utile per inutile non vitiatur*."

Our opinion of the whole matter is that the finding of this verdict was not equivalent to an acquittal, and that whatever rights the defendant may have had, if any, as to a reformation of the verdict or as to a new trial, he was not entitled to an arrest of judgment or a discharge. We think that the court was entirely right, the motion for a new trial having been withdrawn, in overruling the motions which were made and in imposing the sentence.

The judgment of the court below will be affirmed.

*C. K. Friedman*, for plaintiff in error.

*L. W. Wachenheimer*, contra.