STATE OF IOWA, Appellee, v. PHIL SCHELL, Appellant.

**CRIMINAL LAW:** Verdicts—Inconsistency. A verdict of guilt
1 of a lesser but included offense *ipso facto* acts as an acquittal of all higher offenses charged or included in the indictment. The mere fact that the jury, in addition to returning a verdict of guilt of the lesser offense, also formally returned a verdict of not guilty of the higher offenses, is a matter in no wise impeaching the verdict of guilt actually returned.

**INDICTMENT AND INFORMATION:** Included Offenses—Assault to
2 Rob—Assault to Steal from Person. ''Assault with intent to rob'' includes ''assault with intent to commit larceny from the person''. (Secs. 4770, 4772, 4837, Code, 1897.)

**ROBBERY:** Assault with Intent—Self-defense—Non-application of
3 Doctrine. The ordinary instructions on self-defense have no place in a cause wherein defendant was charged with assault with intent to rob, and claimed in defense that the prosecuting witness had threatened him with harm with a revolver, and that he had justifiably assaulted the prosecuting witness in an attempt to take the revolver and prevent the injury. The defendant was

fully protected by an instruction that he could not be convicted if such was his purpose in assaulting the prosecuting witness.

*Appeal from Marion District Court.*—HON. LORIN N. HAYS, Judge.

SATURDAY, JUNE 19, 1915.

REHEARING DENIED TUESDAY, OCTOBER 5, 1915.

THE defendant was convicted of the crime of assault with intent to commit larceny from the person. He appeals.—*Affirmed.*

*Walter McHenry* and *Earl De Ford,* for appellant.

*George Cosson,* Attorney General, *Wiley S. Rankin,* Special Counsel, *N. D. Shinn,* County Attorney, for appellee.

EVANS, J.—The indictment against the defendant charged him with the crime of assault with intent to rob. The charging part of the indictment was as follows:

"The said Phil Schell on the 23rd day of May, A. D. 1913, in this county of Marion, and in the state of Iowa, in and upon one Harry Donai, then and there being feloniously, wilfully and unlawfully did make an assault with the intent the moneys, goods and chattels of him, the said Harry Donai, from the person and against the will of him, the said Harry Donai, then and there feloniously and violently to steal, take and carry away contrary to the form of the statute in such cases made and provided and against the peace and dignity of the state of Iowa."

This indictment was based upon the provisions of Code Sec. 4770, as follows: "If any person assault another with intent to maim, rob, steal or commit arson or burglary, he shall be imprisoned", etc.

The trial court instructed the jury that the offense

charged included the lesser offense of assault with intent to commit larceny from the person and that it was authorized to find the defendant guilty only of such lesser offense. The jury found the defendant guilty of such lesser offense. The foreman of the jury signed also a negative form of verdict as to the larger offense. Judgment was entered upon the verdict of guilty of the lesser offense.

1. CRIMINAL LAW: verdicts: inconsistency.

The defendant challenges the validity of the verdict on two grounds: (1) That the verdict of the jury was inconsistent with itself in that two forms of verdict were signed by the foreman, the one negative and the other affirmative; and (2) that the offense of which the defendant was found guilty by the verdict is not described nor recognized by the statute.

I. Assuming that the offense of assault with intent to commit larceny from the person is a lesser offense included within the larger offense of assault with intent to rob, then there was no inconsistency in the two verdicts. The rendering of a verdict finding the defendant guilty of the lesser offense necessarily found him not guilty of the larger offense. It is true that there was no occasion for signing two forms of verdict. But the trial court submitted affirmative and negative forms as to the larger and as to each of the included offenses, and the jury adapted their verdict to the forms thus submitted.

That the crime of robbery includes the lesser crime of larceny from the person is settled by our previous cases. *State v. Graff*, 66 Iowa 482; *State v. Wasson*, 126 Iowa 320; *State v. Taylor*, 140 Iowa 470. It logically follows that the crime of assault with intent to commit larceny from the person is also a lesser crime included within the larger crime of assault with intent to rob.

2. INDICTMENT AND INFORMATION: included offenses: assault to rob: assault to steal from person.

If it be true, as argued, that Sec. 4770 does not define the crime of assault with intent to commit larceny from the

person, it remains that such offense is fully defined in Secs. 4772 and 4837, Code, which are as follows:

"Sec. 4772. If any person assault another with intent to commit any felony or crime punishable by imprisonment in the penitentiary, where the punishment is not otherwise prescribed, he shall be . . . imprisoned in the county jail not more than one year."

"Sec. 4837. If any person commit the crime of larceny . . . by stealing from the person of another, he shall be imprisoned", etc.

The fact that the larger and the lesser offenses are not covered by the same statutes is not material. *State v. Graff, supra.*

Nor are we prepared to say that Sec. 4770 is not sufficient in its terms to cover the offense of assault with intent to commit larceny from the person. Under the provisions of Code Sec. 5407, the defendant could be found guilty of any offense necessarily included in the offense charged in the indictment. An intent to rob is an intent to commit larceny from the person by force, and violence. Robbery includes violence or putting in fear. There may be larceny from the person without such violence or putting in fear; or there may be an assault with intent to commit such larceny without violence or putting in fear.

We think it clear, therefore, that the verdict as rendered was warranted under the indictment and under the evidence.

II. The only other error presented for our consideration is that the trial court failed to submit the ordinary instruction as to the right of self-defense. It appears from the record that there was evidence to the effect that the 3. ROBBERY: assault with intent: self-defense: non-application of doctrine. injured party had a revolver and that he threatened injury to the defendant and that the defendant justifiably assaulted him for the purpose of taking the revolver away from him. The trial

court instructed the jury specifically on this point to the effect that if such was the purpose of the attack, then the defendant was not guilty. In no other sense was the question of self-defense involved. The jury found affirmatively that the assault was made with intent to commit larceny from the person. The intent to commit the larceny is the gist of the offense. As against this offense, there could be no plea of self-defense. If the jury had found the defendant guilty of assault only, a somewhat different question would be presented. No objection is urged to the form of the instruction as given. The objection goes only to the omission to give a more elaborate instruction as to self-defense. The point thus made cannot be sustained. No other error is claimed.

We have read the entire evidence. It is very conflicting. The witnesses on both sides were impeached as of unsavory reputations. In that respect, the record is very unsatisfactory. The defendant was a witness, however, in his own behalf and admits the attack upon the injured party. The intent of such assault was necessarily gathered by the jury from all the circumstances appearing in the case. We think the verdict is supported by the evidence, and the judgment below will therefore be—*Affirmed*.

DEEMER, C. J., WEAVER and PRESTON, JJ., concur.