**STATE of Iowa, Appellee,**

v.

**Danny Eugene HAWKINS, Appellant.**

**No. 55166.**

Supreme Court of Iowa.

Jan. 17, 1973.

Korf, Diehl, Clayton & Cleverley, Newton, for appellant.

Richard C. Turner, Atty. Gen., Fred M. Haskins, Asst. Atty. Gen. and Dennis F. Chalupa, County Atty., for appellee.

HARRIS, Justice.

The question is whether we should follow the rule announced in our majority opinion in State v. Everett, 157 N.W.2d 144 (Iowa 1968) or overrule that opinion and adopt the view expressed in the dissent. The majority in Everett held the offense of operating without consent under section 321.76, The Code, was not an included offense on a charge of larceny of motor vehicle under section 321.82, The Code. We overrule State v. Everett, supra, and reverse.

Defendant had been drinking on the evening of April 13, 1970 and also had taken phenobarbital tablets on the night in question. According to the State's evidence he left his companions and took a green 1959 Chevrolet belonging to Dale Altemier without his permission. Richard Hoffman, an officer with the Newton Police Department, thereafter observed the defendant driving the vehicle without his lights on. The officer turned on his red light and siren and pursued the weaving car until defendant drove over an embankment and into a ditch. Although defendant jumped out and ran away the officer was able to observe defendant and identified him at trial.

About an hour and a half later defendant rang the doorbell of the residence of Charles W. Larson, who resides in a nearby rural area. Defendant asked to come in to get warm. Larson offered to get him a warm place but defendant rightly suspected Larson of calling the police and fled. Officers were summoned and arrested the defendant nearby.

Defendant was convicted of larceny of motor vehicle in violation of section 321.82, The Code, which provides in material part:

"If any person steal, take and carry away, irrespective of value, any motor vehicle, he shall be punished * * * (as provided)."

The trial court refused over defendant's timely objections and in spite of his timely requests to instruct that defendant might be convicted of the included offense of operating without consent in violation of sec-

tion 321.76, The Code, which provides in material part:

"If any * * * person shall without the consent of the owner take, or cause to be taken, any automobile or motor vehicle, and operate or drive, or cause the same to be operated or driven, he shall * * * (be punished as provided)."

I. Under the facts presented in this case it would have been impossible for defendant to commit the offense charged without a showing of each element necessary to convict him of the lesser offense. Under the rule announced by the majority in State v. Everett, supra, this would not make the lesser offense includable because situations, though not involved or presented in the case, can be imagined in which the major offense might be committed ·by means other than those which would constitute a commission of the lesser offense.

There would. be no advantage in again detailing the views separately expressed in the majority and dissenting opinions in State v. Everett. We now believe and hold the dissenting opinion expresses the sounder view. The dissent rightly cites State v. Marshall, 206 Iowa 373, 220 N.W. 106, as authority for the proposition the evidence of the case must be considered in determining whether one offense is includable within another.

" *  *  *

"Every crime charged consists of certain specific elements, and if from the elements of the crime charged certain elements thereof may be taken, thereby leaving the necessary elements of another crime, the latter would be an included offense; or, to state it in another way, if certain elements are necessary to a criminal charge, and these elements, plus certain other elements, make the necessary elements of a higher crime, then the lower crime is included in the higher one. To illustrate: Certain elements are necessary to a simple assault. If, in addition, to these elements, the evidence shows the completed assault, then we

have an assault and battery, because assault is necessarily included in a charge of assault and battery. On the other hand, if to the elements of assault is added an intent to do great bodily injury, we have a higher crime, which necessarily includes assault; so with assault with intent to commit manslaughter, or with intent to commit murder. Each of these charges is included in an assault, and this is equally true of murder in either degree or manslaughter. Or to state it in still another way, where the minor offense is necessarily an elementary part of the greater, then the minor offense is included in the greater." State v. Marshall, 206 Iowa at 375, 220 N.W. at 106.

After then reciting various examples of offenses included in others the opinion held simple larceny was included within a charge of larceny from the person. Significantly, the opinion then points out:

" *  *  *

"This, of course, is all subject to the further rule that the evidence must justify the submission of the included offense. That is to say, even under the charge, if there is no evidence from which the jury could find the defendant guilty of the included offense, then such included offense need not be submitted. (Citations). Also, where under the evidence the defendant is clearly guilty of the offense charged or not guilty, it is not error to fail to give instructions . with reference to included .offenses. (Citations).

"We turn now to the evidence in the case for an application of these rules. * * *." 206 Iowa at 377, 220 N.W. at 107.

We overrule State v. Everett. We hold the question of whether one offense is included within another is to be determined under the principles above quoted and in the light of the evidence in each case. We have said the evidence in the instant case presents a situation in which the lesser offense would have to have been included in any commission of the

greater. It follows the trial court erred in refusing to so instruct.

This holding is consistent with the view expressed in State v. Pilcher, 158 N.W.2d 631 (Iowa 1968). It is not inconsistent with that expressed in State v. Cox, 196 N.W.2d 430 (Iowa 1972) which noted a failure of defendant to make a timely request for an instruction on the included offense.

Reversed and remanded.

All Justices concur, except UHLENHOPP and MASON, JJ., who dissent and REYNOLDSON, J., who takes no part.

UHLENHOPP, Justice (dissenting).

We should adhere to the decision in State v. Everett, 157 N.W.2d 144 (Iowa). For over a century the statute has defined an included offense as one "necessarily included" in the one with which the accused is charged. Code, 1971, § 785.6; Code, 1851, § 3039. The long-standing and invariable rule of this court has accordingly been that the lesser offense must not only have been *factually* committed in the particular case, but the *legal elements* of the greater crime must necessarily include the legal elements of the lesser one. See e. g. State v. McCall, 245 Iowa 991, 998, 63 N.W.2d 874, 878 ("The language of the statute 'necessarily included' in the offense charged, is explicit and its meaning is clear. It is not enough that the evidence in some cases or in most cases would be sufficient to include the lesser offense."). Here the second aspect is wanting; the legal elements of the greater offense do not necessarily include the legal elements of the lesser one, as Judge Stuart makes clear in the Everett case.

The judgment should be affirmed.

MASON, J., joins in this dissent.