**STATE of Iowa, Appellee,**

v.

**William Nozey HABHAB, Appellant.**

No. 55304.

Supreme Court of Iowa.

July 3, 1973.

Rehearing Denied Sept. 13, 1973.

Gary Gill, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., Fred M. Haskins, Asst. Atty. Gen., and Louis F. Beisser, County Atty., for appellee.

HARRIS, Justice.

Defendant appeals his conviction of selling a narcotic drug. All proceedings were under chapter 204, The Code, 1971 (since repealed). We affirm.

Evidence at trial was offered only by the State. It showed dealings between defendant and Jerry Johnson, a special agent for the Iowa department of public safety, division of narcotics and drug enforcement. Johnson was working in Fort Dodge in an undercover capacity investigating drug traffic. He became acquainted with defendant who was a tavern proprietor and purchased marijuana from him. Defendant had the marijuana in his possession at the time of sale and delivered it to Johnson.

On appeal defendant assigns two errors. He complains of the refusal of the trial court to submit possession of marijuana as an offense included within the sale of marijuana. He also complains of a ruling by the trial court which allowed Johnson to testify of matters not detailed in the minutes of his testimony endorsed with the county attorney's information.

I. Two issues argued on appeal lose importance by reason of our holding but may be commented on briefly.

■ An objection made to the instructions was barely adequate to preserve the question for appeal. Defendant's trial counsel, not the same as the one arguing the case on appeal, objected only to the forms of verdict. Under our rule, a request for instructions on included offenses must be made at trial. In the absence of such a request any error is waived. State v. Youngbear, 203 N.W.2d 274 (Iowa 1972). See also State v. Leahy, 243 Iowa 959, 54 N.W.2d 447. A majority of the states appear to take a contrary view, holding such an instruction must be given whether requested or not. 23A C.J.S. Criminal Law § 1325(3), page 836. We are not inclined to change our rule in order to conform with the majority.

The State makes alternative arguments as to why possession of narcotics could not be considered a "lesser included offense" within the offense of sale of narcotics. One argument should be discussed separately. Under section 204.20(5), The Code, 1971, the penalty for possession of narcotics held for sale was the same as that prescribed for the sale of narcotics. It is suggested the offense could not be "lesser" if the penalty were not lesser.

■ Our definition of included offenses, such as the one given in State v. Marshall, 206 Iowa 373, 220 N.W. 106, has never made reference to a requirement of a lesser penalty. Our previous holdings negative any inference the possible penalty for a criminal violation is in any way material

to a determination of whether one offense is included within another. Larceny from the person as defined in section 709.6, The Code, is an offense included within robbery as defined by section 711.3, The Code. State v. Taylor, 140 Iowa 470, 118 N.W. 747; State v. Schell, 172 Iowa 127, 153 N. W. 62. This is in spite of the fact that larceny from a person calls for imprisonment for an indeterminate 15 year term while robbery calls only for an indeterminate 10 year term. Similarly assault under section 694.1 may be included within the offense of assault and battery under the same section. State v. Hoel, 238 Iowa 130, 25 N. W.2d 853. See also 42 C.J.S. Indictments and Informations § 287a, page 1309. Under section 694.1, The Code, both offenses call for the same penalty. There is no merit in the State's contention that an included offense should call for a lesser penalty.

II. We have defined the concept of included offenses many times. Justice Albert explained:

"Every crime charged consists of certain specific elements, and if from the elements of the crime charged certain elements thereof may be taken, thereby leaving the necessary elements of another crime, the latter would be an included offense * * *." State v. Marshall, supra, 206 Iowa at 375, 220 N.W. at 106.

In State v. Everett, 157 N.W.2d 144 (Iowa 1968) we held the definition quoted from State v. Marshall, supra, was accurate but not adequate. A majority determined a lesser offense would not be included if situations, though not presented in the case involved, might be imagined in which the major offense could be committed by means other than those which would constitute a commission of the lesser offense.

After this appeal was undertaken we filed our opinion in State v. Hawkins, 203 N.W.2d 555 (Iowa 1973) in which we overruled State v. Everett. We held the question of whether one offense is includ-

ed within another is to be determined in the light of the evidence in each case. Where the facts present a situation in which the major offense could not have been committed without the commission of a lesser one, the lesser will be included. The inclusion will not be affected by imagining how the major offense might have been otherwise accomplished.

It is now argued we are bound under our holding in State v. Hawkins, supra, to reverse because the facts in this case show a possession of the marijuana in connection with its sale. They clearly do but this does not in itself make possession an included offense in the sale. The first of two essential references, in considering included offenses, is to the elements of the major crime. Possession of marijuana was not an element in the offense of selling marijuana under the statute then in effect. "Sale" under the Uniform Narcotic Drug Act had a statutory definition.

" 'Sale' means sale barter, exchange, gift, or offer therefor, and each such transaction made by any person, whether as principal, proprietor, agent, servant, or employee." 204.1(9), The Code, 1971. A showing of possession was made at trial but was not required as an element of the offense.

When in State v. Hawkins, supra, we held the question of included offenses was to be determined in the light of the facts in any given case, we did not imply those facts could supply an included offense outside the elements of the major crime. This would be the exact converse of our holding in State v. Hawkins. Under State v. Hawkins it is quite possible to commit one crime in the act of committing another and yet not have it an included offense. It is not included if its elements are not entirely included as a part of the elements of the major offense.

In State v. Hawkins, supra, we held the elements of larceny of a motor vehicle did include the elements of operating a motor vehicle without the owner's con-

sent. Hence the first of two required conditions (legal and factual) existed for an offense to be included within another. There remained the factual condition which we held must be determined on a case to case basis. In determining whether one offense is included within another the legal condition must always be met. The factual condition only is to be determined on a case to case basis. In this case the legal condition is not met. Possession is not a legal element of sale.

Section 204.20(5) contained the following sentence: "Possession of marijuana for personal use shall be a lesser included offense of possession of marijuana held for sale." It is argued this sentence would be some justification for holding it should also be an included offense in a sale. We do not agree. It would be more logical to suppose the omission of any reference to the major crime of selling a narcotic drug in the sentence indicates the legislative intent to the contrary. Express mention in a statute of one thing implies deliberate exclusion of other things. North Iowa Steel Co. v. Staley, 253 Iowa 355, 112 N.W.2d 364.

III. In his testimony Johnson described his meeting with defendant at which the agreement was made for the purchase of the marijuana. The conversation he detailed revealed a previous meeting between the two at which other narcotics had been purchased. Defendant strongly objected to the revelation of the earlier purchase, moved for a mistrial, and assigns as separate error the trial court's ruling admitting the testimony.

The argument is grounded in the failure of the State to include any reference to the earlier transaction in the minutes of Johnson's testimony, attached to the information. This was not error.

"A witness whose name is endorsed on the indictment (or information), and minutes of whose testimony are filed, is not limited to those minutes in his actual

testimony. (Authorities)." State v. Cunha, 193 N.W.2d 106, 111 (Iowa 1972).

Affirmed.

MOORE, C. J., and LeGRAND and REES, JJ., concur.

MASON and RAWLINGS, JJ., concur in result.

REYNOLDSON and UHLENHOPP, JJ., concur specially.

McCORMICK, J., takes no part.

REYNOLDSON, Justice (concurring specially).

I agree possession of narcotics could not be considered a "lesser included offense" within the crime of sale of narcotics. This special concurrence arises only from majority's attempt to distinguish and explain State v. Hawkins, 203 N.W.2d 555 (Iowa 1973).

The offense of operating a vehicle without the owner's consent is not a *necessarily* included *legal* element of the crime of motor vehicle larceny. One could drive away an auto transport and thus be convicted of stealing several cars without ever operating one of them. Our attempt to sustain *Hawkins* while continuing to pay lip service to the basic rule enunciated by Justice Albert in State v. Marshall (quoted by majority) leaves a wake of utter confusion in these cases.

This case is typical of the uncertainty *Hawkins* created. We should renounce that decision so trial courts might again accurately pinpoint included offenses, and this court avoid endless appeals.

UHLENHOPP, J., joins this special concurrence.