Jerry Joe EVERETT, Appellant,

v.

Lou V. BREWER, Warden of the Iowa State Penitentiary at Fort Madison, Appellee.

No. 2–56605.

Supreme Court of Iowa.

Feb. 20, 1974.

Jerald W. Kinnamon, Cedar Rapids, and Robert Bartels and Robert N. Clinton, Iowa City, for appellant.

Richard C. Turner, Atty. Gen., Fred M. Haskins, Asst. Atty. Gen., and William G. Faches, County Atty., for appellee.

Heard before MOORE, C. J., and RAWLINGS, REYNOLDSON, HARRIS, and McCORMICK, JJ.

HARRIS, Justice.

Can a defendant who was unsuccessful in arguing a point of law in a prior appeal take advantage of our later adoption of his argument when presented by a different appellant? The trial court thought not and we agree.

In January of 1966 defendant was convicted of larceny of a motor vehicle in violation of section 321.82, The Code. We affirmed his conviction in State v. Everett, 157 N.W.2d 144 (Iowa 1968) (hereafter called the first Everett case). In that appeal defendant assigned as error the trial court's refusal to submit what he claimed to be an included offense. He urged operating a motor vehicle without consent, as proscribed by section 321.76, The Code, should have been submitted as included within the more serious offense of which he was convicted.

Our consideration of defendant's contention was detailed in extensive opinions filed by both the majority and dissenting members of this court. We rejected defendant's contention by a five to four decision, holding the lesser violation was not an included offense.

In State v. Hawkins, 203 N.W.2d 555 (Iowa 1973) we were again presented with

defendant's same contention by another appellant. We there subscribed by another split decision to the contention defendant had urged in his first appeal, expressly overruling our decision in the first Everett case. Under our holding in State v. Hawkins, the question of whether one offense is included in another is to be determined on a case by case basis. We abandoned the view, espoused in the first Everett case, that it would be a bar to inclusion if one could imagine ways the greater offense could be committed without committing the lesser.

In State v. Habhab, 209 N.W.2d 73 (Iowa 1973) we pointed out State v. Hawkins was not authority for disregarding elements of a crime in the case by case determination. We specified a two step determination. The first step is a consideration of the elements of both offenses. All elements constituting the lesser offense must exist, with others, to constitute the elements of the greater offense. The first step is a purely legal determination.

Thereafter, on a case by case basis, a second step is undertaken. The question to be answered in the second step is whether, under the facts of the case, the greater offense could have been committed without the commission of the lesser. In State v. Habhab, supra, we rejected the suggestion the elements for an included offense could be conjured from the facts alone, in the absence of a determination all the elements of the lesser offense were also elements of the greater.

Confusion on the subject of included offenses has stemmed from the statutory term "necessarily included." See section 785.6, The Code, which provides a defendant may be convicted of offenses "necessarily included" in the greater one. Our holdings in State v. Hawkins and State v. Habhab should demonstrate the term "necessarily included" refers to *elements* of the offenses and not to imagined *facts*. See

42 C.J.S. Indictments and Informations § 275, page 1297 and § 286, page 1308, and 41 Am.Jur.2d, Indictments and Informations, section 313, page 1074.

In this appeal the State argues we retreated in State v. Habhab from our holding in State v. Hawkins. This we deny. In State v. Habhab we reaffirmed State v. Hawkins but rejected the notion the facts alone can supply a needed element for an included offense.

After we filed our opinion in State v. Hawkins, defendant brought this postconviction proceeding in which he seeks a vacation of his conviction. He forcefully argues he was vindicated in the position he took in his first appeal. He urges our action in expressly overruling the opinion which affirmed his conviction requires us to now set aside that conviction. His position is based on the obvious premise his conviction would be reversed if his original appeal were presented to us at this time.

But defendant's original appeal is not presented to us at this time. Defendant's assignment of error involved no fundamental constitutional right. Questions of included offenses are a part of the law of criminal trial procedure. Our present determination must be adjusted by the crucial fact defendant's first appeal was decided by a full court which exhaustively considered the same trial rule.

We pass the question of whether postconviction is available to defendant. See Horn v. Haugh, 209 N.W.2d 119 (Iowa 1973); Carstens v. Rans, 210 N.W.2d 663 (Iowa 1973). We are not willing, as requested by the State, to overrule our holdings in State v. Hawkins and State v. Habhab. Accordingly this appeal must turn on how those holdings affect this defendant. Defendant argues a failure to make our ruling in State v. Hawkins applicable to him would be a denial of due process and equal protection guaranteed him in the federal and state constitutions.

■ I. There was no denial of due process. We approve the following:

"The mere fact that a person is unsuccessful in a court in a matter involving life, liberty, or property does not show that there has been a violation of the due process of law guaranty. The Fourteenth Amendment does not raise a federal question in every case to test the justice of a decision. The reversal of a former decision to the prejudice of one of the parties or a departure by the courts of the state from a rule of property established by prior decisions does not violate the guaranty. If there has been a full hearing or opportunity for hearing, there is no necessary violation of the guaranty. The highest court of a state, in overruling an earlier decision, may make a choice for itself whether the new rule declared by it shall operate prospectively only or apply also to past transactions, and the alternative is the same whether the subject of the new decision is common law or the construction of a statute. *A court may give its overruling of an earlier decision a retroactive bearing, thereby making invalid that which was valid in the doing.*

"*Even an erroneous decision of a court on matters within its jurisdiction does not deprive the unsuccessful party of his rights under this guaranty where the parties have been fully heard in the regular course of judicial proceedings.* The same rule applies to the errors of other tribunals or officers. So far as this guaranty is concerned, the extent to which a decision is erroneous or the fact that it is contrary to previous decisions has been said to be immaterial. \* \* \*." (Emphasis added) 16 Am.Jur.2d, Constitutional Law, section 553, pages 955–956.

■ II. Neither can we hold defendant was denied equal protection of the laws.

"The Equal Protection Clause requires more of a state law than nondiscriminatory application within the class it establishes. (Authority). It also imposes a requirement of some rationality in the nature of the class singled out. To be sure, the constitutional demand is not a demand that a statute necessarily apply equally to all persons. 'The Constitution does not require things which are different in fact \* \* \* to be treated in law as though they were the same.' Tigner v. Texas, 310 U.S. 141, 147, 60 S.Ct. 879, 882, 84 L.Ed. 1124, 1128, 130 A.L.R. 1321. Hence, legislation may impose special burdens upon defined classes in order to achieve permissible ends. But the Equal Protection Clause does require that, in defining a class subject to legislation, the distinctions that are drawn have 'some relevance to the purpose for which the the classification is made.' (Authorities)." Rinaldi v. Yeager, 384 U.S. 305, 308, 86 S.Ct. 1497, 1500, 16 L.Ed.2d 577, 580. See also Lunday v. Vogelmann, 213 N.W.2d 904 (Iowa 1973).

We believe there is a rational basis for classifying appellants in accordance with whether their claim previously has been fully considered and adjudicated. Defendant's claim he was denied equal protection of the laws is without merit.

᛫ III. In addition to his claim his constitutional rights were violated defendant asks us to apply the rule of State v. Hawkins, supra, retroactively. Judicial pronouncements in recent years have altered a vast variety of rules, especially in the field of criminal law. These changes have occasioned the application of principles governing whether a rule change should be applied retroactively or prospectively. Defendant argues "(t)he normal rule in Iowa and elsewhere is that court decisions, unless otherwise specifically indicated, are to be applied retroactively. (Citations). This rule has been applied in criminal cases as well. Thus in State v. Johnson, 257 Iowa 1052, 135 N.W.2d 518 (1965) this court retroactively applied (the) United States Supreme Court's decision in Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 to a case which had been

tried *before* the decision in the *Griffin* case. * * *."

We do not agree the normal rule either here or elsewhere demands such generous retroactivity. Both parties cite and rely on Desist v. United States, 394 U.S. 244, 89 S.Ct. 1030, 22 L.Ed.2d 248. That opinion rejected a call for retroactive application of a rule relating to evidence of electronic eavesdropping. The following test was adopted:

"Ever since Linkletter v. Walker, 381 U.S. 618, 629, 85 S.Ct. 1731, 1737, 14 L. Ed.2d 601, 608, established that 'the Constitution neither prohibits nor requires retrospective effect' for decisions expounding new constitutional rules affecting criminal trials, the Court has viewed the retroactivity or nonretroactivity of such decisions as a function of three considerations. * * *. 'The criteria guiding resolution of the question implicate (a) the purpose to be served by the new standards, (b) the extent of the reliance by law enforcement authorities on the old standards, and (c) the effect on the administration of justice of a retroactive application of the new standards.'" Desist v. United States, supra, 394 U.S. at 248–249, 89 S.Ct. at 1033, 22 L.Ed.2d at 254–255. See also 16 Am. Jur.2d, Constitutional Law, section 553, page 955.

Defendant relies on our retroactive application in State v. Johnson, supra, of the rule proscribing comment on defendant's failure to testify under Griffin v. California, supra. The same question was later considered by the United States Supreme Court in Tehan v. United States, 382 U.S. 406, 86 S.Ct. 459, 15 L.Ed.2d 453. It held the rule was not applicable to cases which had become final prior to April 28, 1965.

Upon application of the three tests specified in Linkletter v. Walker, supra, we see no reason to apply State v. Hawkins retroactively. We note especially the subject of the changed rule. It was not a constitutional or fundamental right. This is illustrated by two of our prior holdings. Where a defendant has been convicted as charged of a major offense he cannot complain because a lesser offense was improperly submitted. State v. Miller, 124 Iowa 429, 100 N.W. 334. Neither can a defendant, after conviction of a major offense, complain of the failure to submit an included offense if another included offense greater than the one omitted was submitted. State v. Franklin, 163 N.W.2d 437 (Iowa 1968).

While defendant's position has a certain attraction we do not believe it is strengthened by reason of his unsuccessful first appeal. His case is no different from that of any person who would wish for the advantage of a later change in a court rule relating to criminal trials. Our change in this rule occurred after he had taken full advantage of his appellate rights under the law as it then existed. To give him the advantage of another trial under the changed rule would give him more than is appropriate under either the constitution or the cases. We do not imply a change would necessarily be applied retroactively if it pertained to a constitutional or fundamental right. Neither do we suggest a change affecting a lesser right could never draw retroactive application. We merely hold the change announced in State v. Hawkins does not justify impugning final judgments previously entered.

Affirmed.

All Justices concur, except REYNOLDSON, J., who concurs specially.

REYNOLDSON, Justice (concurring specially).

I concur specially in the court's opinion. See my special concurrence in State v. Habhab, 209 N.W.2d 73, 76 (Iowa 1973).