STATE of Iowa, Appellee,

v.

Herbert Daniel ARIOSO, Appellant.

No. 56228.

Supreme Court of Iowa.

May 22, 1974.

O'Brien, Galvin & O'Brien, Sioux City, for appellant.

Richard C. Turner, Atty. Gen., David M. Dryer, Asst. Atty. Gen., Zigmund Chwirka, County Atty., for appellee.

Submitted to MOORE, C. J., and Le-GRAND, REES, UHLENHOPP and McCORMICK, JJ.

LeGRAND, Justice.

A jury found defendant guilty of going armed with intent in violation of § 695.1, The Code. He was sentenced to a term of not more than five years in the penitentia-ry and appeals from that judgment. We affirm.

■ The only issue presented is alleged error for failure to instruct on the crime of assault with intent to do great bodily injury, which defendant claims is a lesser offense included within the one for which he was convicted. Since the punishment for this crime (§ 694.6, The Code) is much less severe, defendant's insistence that it should have been submitted with the main charge is understandable. However, we also find it to be untenable.

■ There is no theory upon which a violation of § 694.6 may be said to be an included offense within an indictment or information accusing one of the crime of going armed with intent. The fact that defendant may have committed two separate crimes and that he could have been prosecuted for either or both does not make one an included offense of the other.

Defendant asserts State v. Hawkins, 203 N.W.2d 555, 557 (Iowa 1973) required the trial court to give an instruction on assault with intent to do great bodily injury. We believe this is answered by what we said in State v. Habhab, 209 N.W.2d 73, 75 (Iowa 1973):

"When in State v. Hawkins, supra, we held the question of included offenses was to be determined in the light of the facts in any given case, we did not imply those facts could supply an included offense outside the elements of the major crime * * * it is quite possible to commit one crime in the act of committing another and yet not have it an included offense. It is not included if its elements are not entirely included as a part of the elements of the major offense."

Here the crime of going armed with intent was complete and punishable before any assault with intent to commit great bodily injury occurred. If, indeed, defendant committed the latter crime, it was a separate and distinct violation. The trial

court correctly refused the requested instruction on assault with intent to do great bodily injury. Cf. State v. Grady, 215 N. W.2d 213 (Iowa 1973) and Everett v. Brewer, 215 N.W.2d 244 (Iowa 1973).

Affirmed.