# IN THE COURT OF APPEALS OF IOWA

No. 14-0158
Filed September 10, 2015

**JONATHAN DANIEL HILLMAN,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.
_____

Appeal from the Iowa District Court for Scott County, Mark R. Lawson, Judge.

Jonathan Hillman appeals the district court's order denying his application for postconviction relief. **AFFIRMED.**

Thomas J. O'Flaherty of O'Flaherty Law Firm, Bettendorf, for appellant.

Thomas J. Miller, Attorney General, Kevin Cmelik, Assistant Attorney General, Michael J. Walton, County Attorney, and Julie Walton, Assistant County Attorney, for appellee State.

Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**POTTERFIELD, J.**

Jonathan Hillman appeals the district court's order denying his application for postconviction relief.

**I. Factual and Procedural Background**

As a result of events occurring in early 2002, Hillman was convicted of one count of first degree murder and one count of willful injury. The jury's general verdict included felony murder as a theory of liability; the willful injury served as the underlying felony. Hillman's trial counsel conceded Iowa law at the time of trial permitted the felony-murder theory to be predicated upon the willful injury charge as the underlying felony. *See State v. Beeman*, 315 N.W.2d 770, 777 (Iowa 1982). Trial counsel nevertheless argued Iowa law should be changed such that the underlying felony must merge with the felony-murder charge. However, following Hillman's conviction, his appellate counsel declined to raise that issue in spite of trial counsel's preservation of the claim. This court affirmed the convictions. *See State v. Hillman*, No. 03-0429, 2004 WL 1161573, at *4 (Iowa Ct. App. May 26, 2004).

Two years later, our supreme court reversed course on its application of the felony-murder rule in *State v. Heemstra*. 721 N.W.2d 549, 558 (Iowa 2006). It held, "[I]f the act causing willful injury is the same act that causes the victim's death, the former is merged into the murder and therefore cannot serve as the predicate felony for felony-murder purposes." *Id.* Its holding was expressly applicable prospectively and inapplicable retroactively. *Id.* ("The rule of law announced in this case regarding the use of willful injury as a predicate felony for

felony-murder purposes shall be applicable only to the present case and those cases not finally resolved on direct appeal . . . .").

Hillman applied for postconviction relief, alleging his counsel on direct appeal was ineffective because he failed to challenge *Beeman* on appeal though the claim had been preserved by trial counsel. He further claimed *Heemstra* should apply retroactively, asserting our supreme court's holding to the contrary violates equal protection principles of the United States Constitution and due process, equal protection, and separation of powers principles found in the Iowa Constitution. *See* U.S. Const. amend. XIV; Iowa Const. art. I, §§ 6, 9, art. III, § 1. The district court denied the application. Hillman appeals.

## II. Standard of Review

We review constitutional claims, including ineffective-assistance-of-counsel claims, de novo. *Everett v. State*, 789 N.W.2d 151, 155 (Iowa 2010); *see Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001).

## III. Ineffective Assistance of Counsel

"We judge ineffective assistance of appellate counsel claims against the same two-pronged test utilized for ineffective assistance of trial counsel claims." *Ledezma*, 626 N.W.2d at 141. "[W]e ask whether [appellate] counsel breached an essential duty and whether prejudice resulted from any such breach." *State v. Gaskins*, 866 N.W.2d 1, 5 (Iowa 2015). Failure to prove either prong is fatal to an ineffective-assistance claim. *See State v. Liddell*, 672 N.W.2d 805, 809 (Iowa 2003). We begin by presuming counsel performed competently. *State v. Dudley*, 766 N.W.2d 606, 620 (Iowa 2009). Counsel need not be able to predict future changes in the law but must "exercise reasonable diligence in deciding

whether an issue is worth raising." *State v. Westeen*, 591 N.W.2d 203, 210 (Iowa 1999) (internal quotation marks omitted).

We conclude appellate counsel performed competently in representing Hillman on appeal. Counsel testified at the postconviction hearing he was aware the merger issued had been raised on appeal in many other cases but the appellate courts had remained firm in applying *Beeman*. Indeed, *Beeman* had been the law of the land for over twenty years at the time of Hillman's direct appeal. Our supreme court consistently applied the *Beeman* rule throughout that period. *See State v. Anderson*, 517 N.W.2d 208, 214 (Iowa 1994); *State v. Rhomberg*, 516 N.W.2d 803, 805 (Iowa 1994); *State v. Ragland*, 420 N.W.2d 791, 793 (Iowa 1988); *State v. Mayberry*, 411 N.W.2d 677, 682–83 (Iowa 1987). Appellate counsel testified he had no specific recollection of the state of the trial record on the merger issue,[1] but he did recall that he did not raise the issue on appeal. He testified his practice was to narrow the issues to be raised on appeal to those issues he thought had the most merit. He testified he and many of his fellow practitioners had "give[n] up" on challenging *Beeman* since "it had been tried so many times and failed so many times."

We find counsel's testimony regarding his appellate strategy credible, and nothing in the record overcomes our presumption that he performed competently. Based on the state of the law at the time of Hillman's appeal, reasonable appellate counsel could have concluded another challenge to *Beeman* would be meritless and would distract from other, more meritorious claims on appeal.

---

[1] The postconviction hearing took place more than ten years after Hillman's direct appeal.

Hillman has failed to show his appellate counsel breached an essential duty, and we therefore affirm the district court's order denying Hillman's ineffective-assistance claim.

**IV. Retroactivity of *Heemstra***

We next consider Hillman's assertion that our supreme court's non-retroactive application of *Heemstra* violates constitutional principles.[2] Hillman raises arguments relating to due process under the Iowa Constitution,[3] the separation of powers principles in the Iowa Constitution,[4] and equal protection under both the state[5] and federal[6] constitutions. Hillman claims our supreme court's decision in *Nguyen v. State* leaves open the possibility that one of these bases mandates the retroactive application of *Heemstra*. *Nguyen v. State*, 829 N.W.2d 183, 189 (Iowa 2013).

It is not within the province of this court to overrule our supreme court's directive to apply *Heemstra* exclusively in a prospective manner. *See State v. Eichler*, 83 N.W.2d 576, 578 (Iowa 1957) ("If our previous holdings are to be

---

[2] The State asks us to affirm the district court because Hillman's *Heemstra* claims are barred by the statute of limitations. *See* Iowa Code § 822.3 (2013). However, the State only raised that claim before the district court in its resistance to Hillman's motion to amend. The State has not cross-appealed to challenge or assert error in the district court's order granting Hillman leave to amend, and we therefore do not consider whether the motion was properly granted.

[3] "[N]o person shall be deprived of life, liberty, or property, without due process of law." Iowa Const. art. I, § 9.

[4] "The powers of the government of Iowa shall be divided into three separate departments—the Legislative, the Executive, and the Judicial: and no person charged with the exercise of powers properly belonging to one of these departments shall exercise any function appertaining to either of the others . . . ." Iowa Const. art. 3, § 1.

[5] "All laws of a general nature shall have a uniform operation; the General Assembly shall not grant to any citizen, or class of citizens, privileges or immunities, which, upon the same terms shall not equally belong to all citizens." Iowa Const. art. 1, § 6.

[6] "No State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. IV, § 1.

overruled, we should ordinarily prefer to do it ourselves."). We instead apply "existing legal principles." *See* Iowa R. App. P. 6.1101(3).

First, as to the state due process claim, Hillman asks this court to interpret the Iowa Constitution to provide greater protections than the federal constitution. We acknowledge our supreme court has done so in other matters. *See, e.g.*, *Gaskins*, 866 N.W.2d at 7–8. However, it is "generally deemed the federal and state due process clauses [are] identical in scope, import, and purpose." *State v. Nail*, 743 N.W.2d 535, 539 (Iowa 2007). Though Hillman advocates for a distinct construction of due process under the Iowa Constitution in this context, we conclude we must defer to our supreme court's decision in *Goosman*, which held prospective application of *Heemstra* comports with due process. *Goosman v. State*, 764 N.W.2d 539, 545 (Iowa 2009).

Second, Hillman claims the separation of powers clause of the Iowa Constitution requires retroactive application of *Heemstra*. He claims that between *Beeman* and *Heemstra*—from 1982 to 2006—our supreme court had usurped the legislature's role in defining criminal acts by assigning its own definition to the felony-murder statute in contravention of the legislature's intent.

However, the *Heemstra* decision itself considered the legislature's intent. *See Heemstra*, 721 N.W.2d at 557–58. Our supreme court noted, "The legislature has never considered the issue of whether, when the act causing willful injury is the same as that causing death, the two acts should be deemed merged." *Id.* at 557. There was no asserted legislative intent derived from the

record,[7] so our supreme court could not have abrogated any such intent.  The court held the decision as to the issue of merger "is a legal principle that is the responsibility of the court and within the power of the court to apply."  *Id.* at 558.

Additionally, our supreme court has held the separation of powers doctrine found in the Iowa Constitution is not to be drawn rigidly and some functions of each branch will inevitably overlap into those of another.  *See State v. Ragland*, 836 N.W.2d 107, 117–18 (Iowa 2013).  Neither *Beeman* nor *Heemstra* violated the separation of powers clause of the Iowa Constitution.

Lastly, we consider Hillman's claim that *Heemstra*'s prospective-only application violates equal protection principles.  Both the federal and state equal protection clauses require all similarly-situated persons to be treated alike.  *See Varnum v. Brien*, 763 N.W.2d 862, 878 (Iowa 2009).

Hillman argues pre-*Heemstra* and post-*Heemstra* defendants are not treated alike by the law.  He fails to appreciate that pre-*Heemstra* and post-*Heemstra* defendants are not similarly situated.  Our supreme court and the U.S. Supreme Court have both upheld classifications of litigants based on the status of their case—i.e., whether a litigant's direct appeal was made final before or after—a change in the law.  *See Griffith v. Kentucky*, 479 U.S. 314, 322 (1987); *Everett v. Brewer*, 215 N.W.2d 244, 247 (Iowa 1974) ("[T]here is a rational

---

[7] *Heemstra* expressly dealt with a side effect of *Beeman* that the legislature had likely *not* intended rather than dealing with what the legislature *did* intend.  "The legislature can, *unintentionally*, expand the felony murder doctrine by creating new criminal statutes that are felonious assaults. . . . [T]he application of *Beeman* creates an ever-expanding felony murder rule.  It is doubtful the legislature ever intended such a result . . . ." *Heemstra*, 721 N.W.2d at 555 (quoting 4 Robert R. Rigg, *Iowa Practice Criminal Law (I)* § 3:16 (2006)) (emphasis added).

basis[8] for classifying appellants in accordance with whether their claim previously has been fully considered and adjudicated.").

Hillman also argues "Iowa collateral review applicants relying on substantive rule[s] articulated by [the] Iowa Supreme Court and those relying on substantive rule[s] articulated by [the] United States Supreme Court" are not treated alike because different retroactivity rules apply in each of those courts. He cites no authority for the proposition that this results in an equal protection violation. It is self-evident that appellants relying on substantive rulings on federal law issued by the U.S. Supreme Court are not similarly situated to appellants relying on substantive rulings on state law issued by the Iowa Supreme Court. Such appellants are naturally treated differently because different laws are applicable to their claims. We reject Hillman's equal protection claims as to both the federal and state constitutions.

## V. Conclusion

Hillman has failed to show his appellate counsel breached an essential duty, and his ineffective-assistance claim therefore fails. He has not persuaded us that the prospective-only application of *Heemstra* violates equal protection under the U.S. Constitution or violates equal protection, due process, or separation of powers under the Iowa Constitution. We affirm.

**AFFIRMED.**

---

[8] Hillman claims we should apply strict scrutiny rather than rational basis to his equal protection claim, but his only citation to authority for this proposition does not support that assertion. *See State v. Hernanez-Lopez*, 639 N.W.2d 226, 238 (Iowa 2002) (applying strict scrutiny to restriction on appellant's substantive due process—not equal protection—right). We decline to apply strict scrutiny.